The judgement of the court below must be affirmed.

---

## CROSS & CO. VS. JOHNSON.

1. AMENDMENT: *When in the discretion of the court.*

In a proceeding by attachment to recover rent, after answer alleging payment, the plaintiff asked leave to amend by adding a paragraph on an account for supplies furnished the defendant, which was by the court refused: Held, that the right to amend after answer is in the discretion of the court, and will not be controlled where no abuse is shown.

2. PAYMENT: *Appropriation of.*

Where a tenant, who had contracted to pay the rent out of the first cotton picked, ginned and baled, and was indebted to the landlord for supplies, delivered enough cotton to pay the rent, but not the other indebtedness, without any directions as to its application, it will be applied to the payment of the rent.

3. PRODUCTION OF PRIVATE WRITING: *The court will not compel.*

It was not error in the court below to refuse to compel the defendant to produce a private writing at the trial, to be used as evidence. The plaintiff should have served him with notice to produce it, and, upon his failure to do so, have proven its contents by parol evidence.

APPEAL from *Jefferson* Circuit Court.

Hon. H. B. MORSE, Circuit Judge.

*Farr* for appellants.

There was no evidence to sustain the verdict. *Waite* v. *White*, 5 Ark., 640; *Payne* v. *Joyner*, 7 Ark. Rep., 463; *Russell* v. *Cady*, 15 Ark., 540; *Wallace* v. *Brown*, 17 Ark., 449; *Brown* v. *Cook*, 14 Ark., 202.

Appellants could apply payments. *Armistead* v. *Brook*, 18 Ark. Rep., 522. On amendment, see Gantt's Digest, sec. 4616.

WALKER, J.:

Johnson entered into a written contract, by which he bound himself to pay to plaintiffs $900 for the rent of one hundred acres of land, to be cultivated in cotton, the rent to be paid out of the first cotton picked, ginned and baled, and also all indebtedness for supplies. Upon this contract Cross & Co. brought suit against Johnson for $900, which was alleged to have remained unpaid. This suit was brought by attachment under section 4101, Gantt's Digest, and part of the crop of cotton attached. The defendant answered, admitted the contract, but alleged that he had paid the same in cotton.

After the answer was filed, the plaintiffs asked leave to file an additional paragraph as an amendment to their petition, setting forth an account for supplies, which the court refused to allow, and plaintiffs excepted.

Under our Code practice, sec. 4614, the plaintiff may amend his complaint without leave at any time before answer filed; and, by section 4616, the court may, at any time, for the furtherance of justice and on such terms as the court may require, amend any pleading by inserting other allegations material to the case. This, however, is a matter of discretion, to be determined under the state of case presented.

In this instance the plaintiffs had sworn out an attachment, and had the defendant's property attached, upon a complaint stated.

Issue had been taken upon it, and we think there was no such abuse of this discretion as to amount to error.

The case was submitted to a jury, who, after having heard the evidence, found a verdict for the defendant. A new trial was asked and overruled. The exceptions taken present the evidence, the instructions, and the ground for a new trial.

It appears that the plaintiffs asked four instructions, the three first of which were given, the fourth refused, but as the fourth is not found in the bill of exceptions it cannot be considered.

The defendant asked five instructions, all of which, except the first, was objected to by plaintiffs. The court gave the first, second, third and fourth.

The *first* instruction was—That if the jury believe from the evidence that the rent has been paid, they will find for the defendant. To this there could be no objection, because, if true, it sustained the defense offered.

*Second*—If the jury believe that the rent was to be paid out of first cotton picked, ginned and baled, and the defendant did deliver to plaintiffs, out of the first cotton so picked and baled, a sufficiency to pay said rent, they should find for the defendant. This was a mere repetition of the first instruction in another form, and was properly given.

*Third*—That when the plaintiffs held a lien upon cotton, to pay one portion of an account, and have no lien for another portion, and the property so encumbered with the lien is delivered in payment, it must be first applied to the satisfaction of the lien.

This instruction relates to the only real question at issue between the parties.

The defendant plead payment, the proof shows that enough and more than enough cotton of the first picking, was delivered to pay the $900 for rent, but it appears that the plaintiff also had

an account and had bought a mortgage on the defendant for $2300, to the payment of which he wished to apply the cotton, leaving the rent unpaid.

No special direction was given by Johnson as to which of these debts the cotton should be applied. · But as the contract was for the payment of the rent in cotton, the first picked and baled, and for the payment of which the landlord had a lien, we think no special direction was necessary, and that the cotton must be considered as paid in discharge of the rent.

The third instruction was properly given.

The *fourth* instruction was in regard to the payment of the mortgage debt, and comes within the same rule as to the dispo- sition of the cotton as a credit, decided in the third instruction.

The objection to the decision of the court in refusing to com- pel the defendant to produce certain receipts as evidence was not well taken.

If the plaintiffs had wished to use the receipts in the posses- sion of the defendant as evidence, he should have had notice served upon him to produce them, and, upon his failure to do so, have given parol evidence of their contents.

The judgment of the court below must be affirmed.