## FORT v. BLACK.

1. CHATTEL MORTGAGE: *For future supplies within limited time.*
   A mortgage conditioned for the payment of a promissory note on the 1st day of October, 1883, and of "all other indebtedness that may then be due" from the mortgagor to the mortgagee, does not secure an account contracted after that date.
2. APPROPRIATION OF PAYMENTS.
   *Greer v. Turner*, 47 Ark., 17, and *Kline v. Ragland, Id.*, 111, approved as to appropriation of payments.

APPEAL from *Monroe* Circuit Court.

*M. T. Sanders*, Circuit Judge.

### STATEMENT.

This was an action to recover a mare seized by the defendants under a chattel mortgage executed by the plaintiff to Tomlinson and Letson, who sold it together with the debt secured, to the defendants. The mortgage was executed on the 11th day of May, 1883, to secure a promissory note of that date for $200 "given," as recited in the mortgage "for supplies furnished and to be furnished" * * * ("All amounts in excess of said sum to be first paid before any part of first $200 is paid.") It embraced in addition to the mare in controversy a crop of corn and cotton—and was conditioned that if the mortgagor should pay the sum therein mentioned "and all other indebtedness which might (may) then be due" the mortgagees together with costs, etc., on or before the first day of October, 1883, then the conveyance should be void.. The plaintiff continued to deal with the mortgagees until the 22d day of May, 1884, and purchased goods from them amounting at that date to $536.90. His payments during the same period, made from time to time in cotton, amounted to $402.08, leaving a balance against him of $134.87, which remained unpaid when the mare was taken on the third day of March, 1885. On the 1st day of

Fort v. Black.

October, 1883, he owed the mortgagees $274.52 and obtained from them after that day the rest of the goods charged against him.   The court sitting as a jury found the facts substantially as stated above and declared the law to be that the mortgage " was a lien and security for the goods sold and advances made by Tomlinson & Letson to the plaintiff after the first day of October, 1883." Judgment was accordingly given for the defendants, and the plaintiff appealed.

*John C. Palmer,* for appellant.

There are only two questions of law in this case.

1. The legality of the taking of the mare.

2. Whether, or not, the advances and sales made after October 1, 1883, were secured by the mortgage.

I. That the taking was illegal, see 36 *Ark.,* 268.

II. Parties have a right to make any contract, between themselves, not *malum prohibitum,* nor *malum in se,* but having made their contract and reduced it to writing, they are governed by its terms.   Only the $200 and any other sum due by or on the 1st of October, 1883, was secured by the terms of the mortgage.   The word *then* relates to October 1st, and controls the operation of the mortgage.   Nothing advanced or furnished *after* that date was secured.   So when the mare was seized all the debt secured by the mortgage was paid and the mortgage discharged.

In construing a deed, the question is not what the grantor intended to do, but what he has done by apt and proper words.   5 *Stew. N. J. Chy.; Frisbee v. Poole,* 21 *N. W, Reporter,* 470 ; *Lormer v. Allyn, Ib.,* 149 ; *Shores v. Dougherty,* 26 *N. W. Reporter,* 577 ; *Jones on Chattel Mortgages,* secs. 79, 87, 91, 98.

The debt which the mortgage makes a charge upon the property, is that described in the condition of the deed.

Fort v. Black.

*Jones on Chattel Mortgages, sec, 79; Jones on Mortgages, sec. 360.*

The security offered in a mortgage only extends to debts set forth in the deed. *Whiting v. Beebe,* 12 *Ark.,* 428; *Johnson v. Anderson,* 30 *Ark.,* 753.

*Grant Green, Jr.,* for appellees.

1. No question was made below as to the taking of the mare.

2. As to the lien of the mortgage for advances made after October 1, 1883, we maintain that the parties at the time the mortgage was executed made a contract, expressed on its face, varying the general provisions and effect of the instrument, which they had a right to do, and by the terms of that contract the mortgage was to remain a lien upon the property named until all the indebtedness of Fort to Tomlinson & Letson was fully paid. It was evidently their intention to leave whatever balance should remain unpaid at the end of the season's transactions secured by this mortgage.

Fort made no payments which he directed applied to the debt on open account or mortgage debt, but continued through the season delivering cotton and drawing money and supplies, evidently thinking and understanding that the payments would be applied as the mortgage directed and the note would still remain unpaid if anything was due when a settlement was had. No settlement was made until May 21, 1884, when the balance found due on the note was $134.87.

See *Jarrett v. McDaniel,* 32 *Ark.,* 598; *Jones on Mortgages,* 365.

There is no effort at tacking other debts, the whole contract is expressed in the mortgage and about which there can be no ambiguity when viewed by the light of the actions of

Fort v. Black.

the parties throughout the whole transactions. *Jones on Mortgages,* 360.

*Whiting v. Beebe* and *Johnson v. Anderson* are not applicable to this case.

### OPINION.

COCKRILL, C. J. The mortgage was executed to secure the payment of a past due account and any sum that might become due for supplies to be furnished by the mortgagees to the mortgagor by the first of October following. That security for advances to be made was limited to the amount that might be due on the day indicated, is obvious from the language of the mortgage. It recites that it was executed to secure the note due. October 1st, and " all other indebtedness that might (may) *then* be due the parties of the first part."

1. CHATTEL MORT-GAGE: For future supplies within limited time.

It is competent for the parties thus to limit the operation of the security, and when the time within which advances are to be made is limited by the terms of the mortgage, the instrument secures no advances made after the expiration of the time. 1 *Jones Mort., sec.* 377 ; *Miller v. Whittier,* 36 *Me.,* 577 ; *Johnson v. Anderson,* 30 *Ark.,* 745 ; *Hughes v. Johnson,* 38 *Id ,* 285.

It follows that the account contracted by the appellant after October 1, 1883, was not secured by the mortgage.

Cotton which was covered by the mortgage was turned over to the mortgagees to be sold, and from the sales made by them they received money enough to pay off the mortgage debt. They could not divert the money raised by sale of the mortgaged property from the discharge of the mortgage debt without the assent of the mortgagor. *Greer v. Turner,* 47 *Ark.,* 17.

Fort v. Black.

The only pretense that he did assent, must be sought for in the stipulation of the mortgage quoted below. When he executed the instrument he made his note to the mortgagees for two hundred dollars as security for the supplies furnished and to be furnished; but lest the amount to be advanced within the time limited might exceed two hundred dollars, the following provision was inserted: "All amounts in excess of said sum to be first paid before any part of first $200 is paid." This stipulation must be construed with reference to the secured debt in excess of $200, and nothing is found in the context to authorize the mortgagees to apply the proceeds of the mortgaged property to the payment of a debt not contemplated by the mortgage.

2. Appropriation of payments. In point of fact, the mortgagees have never undertaken to make an appropriation of any payment to the unsecured account in preference to the secured debt. This is shown by their statement of the mortgagor's account as presented in evidence. It is an ordinary running account charging him with advances as they were made, beginning with the items due when the note was executed; and crediting him with the proceeds of cotton as sales were made. Balances were struck from time to time, showing that the payments were credited on the account generally, without reference to the security. This was an appropriation by the creditors of payment to the older items of the account, and resulted, just as the law would imply, in the absence of an active appropriation on their part. in the payment of the items in the order of their dates, *Kline v. Ragland*, 47 *Ark.*, 111. The stipulation, above quoted, might have deferred the payment of the older items to the amount of $200, until the residue of the debt subsequently contracted was paid, but that is immaterial as the whole

secured debt has been paid. The mortgage having been discharged before there was any attempt to seize the mare under it, the court should have found for the appellant.

Reverse and remand.