## LAZARUS V. FREIDHEIM.

1. JUDGMENTS: *Of justice's court: How pleaded.*

The plaintiff brought an action to enforce the lien of a judgment rendered by a justice of the peace and a transcript of which had been filed and docketed in the circuit court. The amount recovered by the judgment was $306.15, a sum above the justice's jurisdiction—and there was no showing that any part of it was for interest. But the complaint alleged that the judgment was obtained before the justice "in due course of proceedure," and this allegation was not denied by the defendant's answer. *Held:* That the jurisdiction of the justice was sufficiently shown by the complaint, since it is provided by section 5067 Mansf. Dig., that in pleading the judgment of a court of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but the judgment "may be stated to have been duly given," and if such allegation is not controverted it need not be proved.

2. APPROPRIATION OF PAYMENTS: *To items of running account.*

The ruling in *Kline v. Ragland*, 47 Ark., 111, that where a debtor fails to appropriate payments made by him and his creditor appropriates them to a running account, the law will apply them to the items of the account in the order of their dates, is approved.

3. SAME: *Right to make.*

After a controversy has arisen between a debtor and his creditor, neither of them has the right to make an appropriation of payments.

APPEAL from *Ouachita* Circuit Court in Chancery.

C. W. SMITH, Judge.

*B. W. Johnson*, for appellants.

1. Diver never made any appropriation of payments but agreed to it as made and all the debts were due at the time made. 28 Ark., 440; 44 Id., 90; 50 Ark., 775.

2. The justice's judgment was void, being for over $300 and the court had no jurisdiction. Sec. 40, Art. 7, Const. 1874.

*H. G. Bunn*, for appellee.

The question of the proper appropriation of payments is settled by *Hershy v. Bennett*, 41 Am. Rep.; 39 Ark., 248; 37 Am. Dec., 621; 9 Wheat, 720.

HUGHES, J.

The appellee, Aaron Freidheim, filed his complaint in chancery in the Ouachita circuit court on the 15th of April, 1887, against John Lazarus and Joe Levy as trustee, and Shadrach Diver, to subject to sale certain real estate of the latter, to-wit: W½ NE¼; E½ NW¼; NW¼ SE¼ and NE¼ of SW¼ of section 17, township 12 south, range 18 west, in Ouachita county, upon which he claimed a judgment lien. His judgment had been obtained against said Diver in the sum of $306.15 on the 17th of February, 1880, before a justice of the peace of said county; and after execution thereon had been returned *nulla bona*, a transcript of the same was filed in the office of the circuit clerk of Ouachita county on the 25th of February, 1880, and there docketed according to the directions of the statute. After several executions had been issued thereon by said clerk and returned *nulla bona*, the said judgment was duly revived on the 24th of May, 1883, and again on the 11th day of November, 1886, in said Ouachita circuit court.

Diver, it appears, had been trading on account with Jno. Lazarus, who was in the mercantile business, and furnished Diver, who seems to have been a farmer, with goods and supplies upon a credit. On the 17th of February, 1882, Diver executed to Lazarus his promissory note for $700, due 1st of November following, and carrying interest after maturity till paid at the rate of ten per centum per annum, and also on the same day executed his deed of trust to Joe Levy, as trustee to secure the payment of said note, conveying therein the land above described and certain mules, cows, calves and hogs, as also the crop of cotton and corn to be grown in that year by Diver in Ouachita county.

On the 10th of May, 1884, Diver executed his other

promissory note to Jno. Lazarus for $150, due November 1st, 1884, and a deed of trust to secure same to C. H. Terrell, trustee, on a crop of corn and cotton.

On the 6th of February, 1885, Diver executed his promissory note to Lazarus & Levy for $700, due 1st of November, 1885, and to secure the payment thereof, on the same day executed to A. Lazarus, as trustee, his deed of trust upon the mules, cows, calves and hogs included in the deed of trust of Jno. Lazarus in 1882, and also upon the crops of corn and cotton to be raised in that year in Ouachita county by Diver. In 1886 and in 1887 Diver executed his notes and deeds of trust to secure payment of same to Lazarus & Levy, on apparently the same stock substantially, and the crops to be raised by Diver in these years respectively, in said county of Ouachita.

Appellee (plaintiff below) avers that all the property of Diver is covered by these deeds of trust and cannot be reached by ordinary process of execution; that he is informed and believes that said notes and deeds of trust have been paid off and satisfied, except the last one; and prays that defendants answer separately and that John Lazarus file an itemized statement of account between him and Diver since the first of January, 1879; that the deeds and notes be set aside and held for naught and the property thereby conveyed be sold to satisfy his demands, and in the alternative that said deeds of trust, except the last, be foreclosed and the proceeds of the sale of the property be applied, first, to satisfy any debt found to be really due Lazarus, and the residue, if any, to the satisfaction of appellee's (plaintiff's) demand, as far as may be.

Appellants filed their answer and demurrer to the complaint, which demurrer was by the court overruled, where-

upon the appearance of the firm of Lazarus & Levy, composed of John Lazarus and Joe Levy, was entered, and they afterwards filed an itemized statement of their business with Shadrach Diver.

John Lazarus and Shadrach Diver, in their answer, deny that the deeds of trust to Jno. Lazarus made by Diver, were for the purpose of avoiding the payment of debts, and assert that they were given to secure *bona fide* debts of Diver. It appears from the answer and itemized statement of accounts between Diver and John Lazarus, and Lazarus & Levy, filed with the answer, that Diver began to trade with Jno. Lazarus in 1880, and continued to trade with him in 1881, 1882, 1883 and a part of 1884, and that in each of the years 1881, 1882 and 1883, he gave a deed of trust upon his property to secure payment for a balance of old indebtedness for the year previous, and advances to be made. That at the end of each year the balance due by Diver was carried forward and formed the first item on the next year's account. The account for each year is credited with proceeds of sale of cotton. In 1884 Diver opened an account with Lazarus & Levy, and the same course was pursued in giving credits on his account each year by proceeds of sale of cotton, striking balances and carrying it forward to form the first item of next year's account, in 1884, 1885 and 1886. Appellee excepted to the manner of stating said accounts and moved the court to appropriate the payments credited thereon according to law. The court below sustained the exceptions and decreed that the payments made by Diver in 1881 be applied first to balance of account of 1880, next to the balance of account of 1881 and lastly to the balance due at the close of the year 1882, and so on until said credits are exhausted, or said original balances shall be cancelled. At

this stage of the proceedings the solicitor for the answering defendants by leave of the court amended their answer by interlineation, at the end of second paragraph, of the words, "which said settlement was in all things ratified by said Diver;" and at the beginning of paragraph six by inserting the words, "both of these defendants would further state and answer that all of these said settlements and payments thereon were at the time approved of and ratified by Diver," to which the plaintiff at the time excepted and had his exceptions entered of record, which were sustained. The court found the facts, ascertained the balance due on the accounts at the close of each year, the amount of payments on each year's account, and decreed that the deed of trust held by defendant Lazarus against defendant Diver dated in 1881 be cancelled as far as it affected plaintiff, having been fully paid off by the appropriation of payments and that the real property included therein at the time belonging to Diver, to-wit: the SE¼ of NW¼ and NW¼ of SE¼ of section 17, T. 12 S., R. 17 W. was subject to the payment of plaintiff's demand.

That at the beginning of the year 1883 there was a balance of account in favor of defendant Lazarus against defendant Diver of $490.97, which was secured by the deed of trust of 1882, (in which was included the NE¼ of the SW¼ of sec. 17, township 12 south, range 18 west, not included in the prior mortgages,) and that at the end of 1883 defendant Diver paid on the account of that year $282.45, which is appropriated first, to said balance of $490.97, leaving a balance of $218.52, which is a prior lien upon said last named forty acre tract of land, and the personal property in the deed of trust of 1882.

That the remaining property included in the deeds of trust

held by the defendants Lazarus, and Lazarus & Levy, except the one given in 1887, is held to secure their debts first, and the residue is subject to the plaintiff's judgment herein,'' which was found by the court to amount, at the date of the rendition of the decree, including interest, to $440.60, besides cost of reviving the same.

That if the proceeds of sale of said personal property are not sufficient to settle said balance, the proceeds of sale of said forty acre tract of land should be applied to the remainder thereof, and if the personal property be sufficient, or should there remain any of the proceeds of the sale of said forty acre tract, then the whole or such part of said proceeds of said tract of land shall be applied to the balance remaining due upon plaintiff's judgment. ·

The court then made orders for sale of the property. To all which rulings, findings, judgments and decrees, defendants John Lazarus, Joe Levy and Lazarus & Levy, at the time excepted and prayed an appeal to this court, which was granted. Diver did not appeal. The court made no decree as to the W½ of NE¼ or the NE¼ of NW¼ of section 17, township 12 south, range 18 west, the appellants disclaiming ownership or claim upon the same, which the court below doubtless found correct. The court held that defendant Lazarus' deed of trust of the 17th of March, 1882, was a prior lien upon the NE¼ of the SW¼ of section 17, township 12 south, range 18 west, doubtless because it was given in part to secure the purchase money of same, advanced by Lazarus, though as to the first two of these three tracts the decree is silent.

1. JUDG-MENT: Of justice's court, how pleaded. Counsel for appellants raises the question of jurisdiction of the justice of the peace, whose judgment in favor of appellees appears to have been for $306.15, an amount over the

jurisdiction of the justice of the peace.    There is no proof or
showing that any part of the sum was for interest.    It is
true that it has been repeatedly held in this court that "a
justice's court possesses only a special, limited and inferior
jurisdiction.    Its proceedings must consequently show such
facts as constitute a case within its jurisdiction or the law re-
gards the whole as *coram non judice* and void."    5. Ark.,
27; Ib., 358; 6 Id., 41, 182, 371; 9 Id., 480; 10 Id., 316;
16 Id., 104.    But it is alleged in appellee's complaint that
his judgment was obtained before the justice "in due
course of proceedure," and this is not denied in the answer.

Section 5067 of Mansfield's Digest provides that, "In
pleading a judgment or other determination of the court, or
officer of special jurisdiction, it shall not be necessary to state
the facts conferring such jurisdiction, but such judgment or
determination may be stated to have been duly given or made.
If such allegation is made in a complaint and is not contro-
verted in the answer, or made in the answer in relation to a
counter-claim or set-off, and is not controverted in the reply,
it need not be proved on the trial."

As to the appropriation of payments, there is no proof
that the right of appropriation was exercised by either party
at the time the payments were made, and the court below
found that they were made generally, and appropriated them
according to priority, the first payment to the first items on
the accounts between the parties, which was the rule ap-
proved in *Kline v. Ragland*, 47 Ark., 111, where it is held
that, "when in the absence of appropriation by a debtor the
creditor appropriates payments from him to a running ac-
count, the law will apply them to the items of the account in
the order of their dates."    See, also, *Price v. Dowdy*, 34
Ark., 285.    The latter case says "a different agreement may

2. APPROPRI-
ATION OF
PAYMENTS:
To items of
running ac-
count.

be shown by evidence." The appellants' counsel, in amendments made to the answer, after motion made by appellee for an appropriation of payments, in the court below states, "that all of these said settlements and payments thereon were at the time approved of and ratified by Diver." To this amendment plaintiff excepted at the time, as the record

Right to appropriate payments.

shows. "After controversy has arisen neither debtor nor creditor has a right to make an appropriation of payments." *U. S. v. Kirkpatrick*, 9 Wheat, 720, 737; 12 Vt., 246; Ib., 249; 10 Conn., 183; 31 Vt., 706; 31 Me., 500.

The judgment of the Ouachita circuit court in chancery is in all things affirmed.