(Decided 11th June, 1889.)

---

# James H. Frazier and Dorcas D. Frazier, his Wife *vs.* Samuel J. Lanahan.

### *Application of Payments.*

A debtor owed his creditor on a running account, on a note on which judgment was entered, and on a note secured by a mortgage executed subsequently to the judgment. Upon this indebtedness payments were made at various times, but there was no specific appropriation of such payments by the debtor or the creditor. Held:

That while the payments made prior to the execution of the mortgage and the entry of the judgment were to be applied to the first items of the account, a Court of equity would apply the payments subsequently made, to the discharge of the judgment, it being the oldest lien due and enforceable at the time the payments were made.

Frazier and Wife *vs.* Lanahan.

The fact that the wife united with the husband in the mortgage, does not create an equity in her favor as against the rights of the creditor. She can stand in no better position than a surety, who has no right to control for his benefit an appropriation of payments, when such appropriation is to be made by the Court.

Nor is the question affected by the fact that some of the payments were made with the proceeds of the sale of tobacco grown, and wood cut by the husband with the consent of the wife on her property, and the proceeds were so used and applied with her consent, and without any knowledge on the part of the creditor as to the sources whence the money was derived.

APPEAL from the Circuit Court for Calvert County, in Equity.

A bill of complaint was filed in this case to obtain the foreclosure of a mortgage from the appellants to the appellee on lands in Calvert County, to secure the payment of a note dated the 20th of June, 1872, given by James H. Frazier, for $1,640, payable twelve months after date to the order of Samuel J. Lanahan. The defendants, in their answer, not under oath, averred, as a defence that the debt had been paid; and usury. The charge of usurious interest having been admitted, the Court (BROOKE, J.) adjudged that the plaintiff was entitled only to the sum of $1,200, with interest from the 20th of June, 1873, and costs, and passed a decree directing a sale of the real estate mentioned in the cause, unless the defendants brought into Court the amount so adjudged to be due to the plaintiff. From this decree the defendants appealed.

The cause was argued before MILLER, STONE, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*Joseph S. Wilson,* for the appellants.

*John P. Briscoe,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The appellant, Frazier, was indebted to Messrs. Lanahan & Son on a running account beginning in 1871, and continuing down to 1874. Among the items in this account was a note of $1,640, the payment of which was secured by a mortage, in which Frazier's wife united. Another item was a note of $1,000, and on this note a judgment was entered against Frazier and wife. The entire indebtedness of Frazier to Lanahan & Son amounted to $8,017.10. Upon this indebtedness payments were made by Frazier at sundry times amounting to $6,642.37, leaving a balance, as claimed by Lanahan & Son, of $1,474.73. There does not seem to have been any specific appropriation of these payments, either by Frazier or by Lanahan & Son, and the question is, how shall these payments be applied by a Court of equity? All agree that the payments made prior to the execution of the mortgage and the entry of the judgment on the note of $1,000, are to be applied to the first items of the account, but the contention is in regard to the payments subsequently made, amounting to about $1,400—whether they shall be applied to the *mortgage* or to *the judgment*. Now, whatever may be the rule elsewhere, it is well settled in this State that where one is indebted to another on a mortage or on a judgment, and on open account or note, and makes a payment generally, and there has been no appropriation of such payment by the creditor, the law will apply it to the most burdensome debt; that is to say, to the mortgage or judgment in preference to the note or open account. Such was the rule of the civil law, and it has been the rule here ever since the decisions in *Gwinn vs. Whitaker*, 1 *H. & J.*, 754; *Dorsey vs. Gassaway*, 2 *H. & J.*, 412.

In this case the mortgage and judgment are both liens on the property of the debtor, the one a general and the other a specific lien, and the payments, it seems to us, ought to be applied, therefore, to the oldest lien due and

enforceable at the time the payments were made. And if so, the payments were properly applied by the Court in discharge of the judgment, because it was due prior in point of time to the mortgage.

The fact that the wife united with the husband in the mortgage cannot create an equity in her favor as against the rights of the creditor. She can stand in no better position than a surety, and a surety has no right to control for his benefit an appropriation of payments, when such appropriation is to be made by the Court. On the contrary, we take the rule to be, where one has two demands on the same debtor, the one being a sole obligation, and the other an obligation with a surety, and no appropriation has been made of payments by either the debtor or creditor, the law will apply the payments to the sole obligation, in preference to the secured debt. *Chester vs. Wheelwright,* 15 *Conn.,* 562; *Pierce, et al. vs. Sweet,* 33 *Penn.,* 151.

Some of the payments, it was said, were made with the proceeds of sale from tobacco grown and wood cut on property belonging to the wife. But this cannot affect the question. The tobacco was grown and the wood was cut by the husband with the consent of the wife, and the proceeds of sale were used and applied by him with her consent, and without any knowledge on the part of the appellees as to the sources from which the money was derived. No one can question the right of the husband under such circumstances to apply the proceeds as he saw fit; and if no appropriation was made by him, then the appellees had the right, and if they failed to exercise this right, then the Court will apply the payments thus made to the oldest lien due.

In dealing with this case, we have treated the mortgage as one to Lanahan & Son, for although it was taken in the name of Samuel J. Lanahan, a member of the firm, it is admitted that it was given to secure an indebt-

edness to Lanahan & Son, and this being so, a Court of equity will treat it as a mortgage to the firm.

The payments, it seems to us, were properly applied by the Court, and the decree will be affirmed.

*Decree affirmed.*

(Decided 11th June, 1889.)