GOLDSMITH v. LEWINE.

Opinion delivered June 21, 1902.

1.  MARRIED WOMEN—CONTRACT.—A married woman may mortgage her separate property to secure her husband's debts, whether existing or to accrue. (Page 519.)

2. ACCOUNT CURRENT—APPROPRIATION OF PAYMENTS.—A change in the method of bookkeeping is not such an interruption of the running of an account current as will prevent the application of the rule that the law will appropriate payments to the earliest items of the account where no appropriation was made by the parties. (Page 520.)

Appeal from Jefferson Chancery Court.

JOHN M. ELLIOTT, Chancellor.

Reversed in part.

*White & Altheimer,* for appellant.

If the means of information are accessible to both parties, they will be presumed to have informed themselves. If they have not done so, they must abide the consequences of their own carelessness. 31 Ark. 170; 30 Ark. 686; 26 Ark. 58; 11 Ark. 28. The party alleging fraud must establish it clearly. 63 Ark. 22. Appellee cannot complain until she has returned to appellant the benefits received under the contract. 33 Ark. 431; 25 Ark. 204. There was no proof of duress. 62 Ark. 525; 49 Ark. 72; 18 Ark. 233; 2 Greenl. Ev. § 301; 10 Am. & Eng. Enc. Law, 321. If there was duress, the same was waived, and the contract ratified. 10 Am. & Eng. Enc. Law, 337. A wife may dispose of her property as a *femme sole.* Art. 9, § 7, Const. 1874; 36 Ark. 355; 43 Ark. 29; 47 Ark. 235; 45 Ark. 119. The wife may mortgage her separate estate for debts of the husband. 34 Ark. 31; 35 Ark. 480; 39 Ark. 242; 45 Ark. 119. And also for future debts of the husband. 53 Miss. 536; 2 Blackst. Com. 443; 7 Am. & Eng. Enc. Law (2d Ed.), 95; 6 Cranch, 137; 1 Rap. & Law. Law Dict. 282.

*H. King While, W. S. & F. L. McCain* and *Smith Martin,* for appellees.

This action was barred by statute of limitations. 4 Ark. 210; Wood, Lim. § 124. The right of foreclosure is barred when the account is barred. 61 Ark. 115. Payments made on an account extinguish the first items due on same. 30 Ark. 745; 50 Ark. 256; 57 Ark. 595. The pleadings are considered as amended to suit the facts. 62 Ark. 262; 43 Ark. 451; 65 Ark. 422. The account secured by the mortgage has been paid. 41 Ark. 42; 68 Ark. 263; 48 Ark. 220.

BUNN, C. J.   On the 2d day of March, 1893, the appellant, Lazarus Lewine, and Jany Lewine, his wife, being indebted to the appellant, L. E. Goldsmith, in the sum of $451.50, executed and delivered to him their promissory note for said sum, bearing interest at the rate of 6 per centum per annum from date until paid, and due and payable on the 1st day of January, 1897.   At the same time they executed, acknowledged and delivered to him their mortgage to secure the payment of said note, in which for that purpose they conveyed to him lot three (3) in block six (6), Woodruff's Addition west to the city of Pine Bluff.   The mortgage was also made a security for supplies to be furnished to the appellees from that time until the maturity of the note and mortgage. The stipulation in the mortgage was as follows, to-wit: "Whereas, the said parties of the first part (Lazarus and Jany Lewine) are now justly indebted unto the said party of the second part (L. E. Goldsmith) in the sum of $451.50, which is evidenced by their note, of even date herewith, for the said sum, with interest at the rate of 7 per centum per annum from date until paid, due and payable on the 1st day of January, 1897; and whereas, the said L. E. Goldsmith contemplates and will furnish to the said first parties goods, wares and merchandise, in such quantities as he and the said first parties shall agree upon, between this date and the maturity of the note herein mentioned, the exact amount to be determined from the books of the said L. E. Goldsmith, and the same to be due and payable on demand, and to draw interest on the open account at the rate of 6 per cent. per annum from date that same be furnished until paid."

This action was begun on the 2d day of October, 1899, for judgment on the note and to foreclose the mortgage.   The complaint alleges that appellees had only paid upon said note the sum of $188.51, on the 5th day of April, 1898, and that the balance of said note, including interest, was still due and unpaid; and that, in the performance of his part of the contract and agreement between them, the plaintiff (Goldsmith) had furnished to the appellees during said time, upon their order, goods, wares and merchandise to the amount of $1,418.60.   The plaintiff also alleges in his complaint that monthly statements of the goods purchased by appellees during the month were made on the first of each succeeding month.   That no objection had been made to any of said statements, and that they had become stated accounts rendered.

Prayer for judgment on the note, and foreclosure of the mortgage, and sale of the property.

Appellee Jany Lewine answered the complaint, and in her answer denied that she was indebted to appellant at the time the note and mortgage were executed, but that the same were for the indebtedness of her husband only, which he owed Goldsmith at that time. She admits that she signed the note with her husband, and executed the mortgage to secure the same. She denies having purchased any goods from Goldsmith whatever; alleges that the sale of the same were to her husband solely, but denies that the account attached to the complaint is correct. That, upon appellant's representations at the time, the mortgage was only to secure the amount of the note.

It appears that the appellees continued to purchase supplies from the appellant long after the date of the maturity of the note and mortgage, and from time to time continued to make payments on the account up to within a short time before the institution of this suit.

The chancellor held, and so decreed, that the wife "had no authority, in law or equity, to mortgage her separate property, which was also her homestead, to secure the debt of the husband for future advances of supplies, by which he held that no part of the account,— either that part made before the maturity of the note or that part made afterwards,—was subject to the mortgage, and hence decreed a foreclosure of the mortgage to pay the amount due on the note only. This, we think, was an erroneous view to take of the matter, because the mortgage covered that part of the running account made between the dates of the making and the maturity of the note, and, if anything were due on that part, it should have been added to the amount due on the note, and the mortgage then foreclosed to pay the aggregate amount of the two.

The court below also gave judgment against appellee Lazarus Lewine for the balance due on the account, less credits, which was proper.

In our view of the case, the wife can mortgage her separate property to secure her husband's debts, whether those debts are existing debts or debts to accrue; and also the controlling question in this litigation is as to the appropriation of payments made on the running account of appellant against appellees. In order to get at this question the more readily, the matter has been referred

to the clerk of this court, to state an account, under the general rule of law, adhered to in this court, as to the appropriation of payments where no appropriation has been made, as in this case. He filed his report, and the same is approved and confirmed, in which he states the account first under the rule laid down in *Dunninglon* v. *Kirk*, 57 Ark. 595; *Johnson* v. *Anderson*, 30 Ark. 745; *Fort* v. *Black*, 50 Ark. 256, and cases therein cited; and in the alternative states the same as if that rule should not be applied, leaving it to the court to determine whether this is a proper case for the application of the rule.

In this statement of the account, the special master finds there was due on the note, on the 25th day of June, 1900, the date of the decree, the sum of $454.71, after allowing the credit of $188.50, about which there is no dispute, and calculating and adding interest. There is no controversy as to the mortgage covering this note. He also finds that, between the date of the note and the maturity thereof, the supplies furnished amounted to the sum of $3,099.75, and that the sum of $2,335.65 was paid thereon, leaving a balance of $764.10 due at the date of the maturity of the note for supplies covered by the mortgage, in addition to the note. The interest on this balance of account to the 1st day of January, 1897, amounting to $115.33, made a total balance of account due on that date of $879.43.

There were payments made from time to time on the account, after the maturity of the note, amounting in the aggregate to the sum of $931.95, which, applied to the payment of the balance of $879.43, more than settles the same. But the appellant contends that the amount of these payments should not be so applied, but contends that the account from January 1, 1897, the date of the maturity of the note and mortgage, was a new and distinct account from the account kept previously to that date, and, as the payments were made during the running of this new account, they should be applied to the payment thereof.

The only evidence of the break in the account running from the date of the note and mortgage is his statement that he had begun a new method of bookkeeping and rendering his accounts, changing from the "old system" to the "coupon book" method. But that shows no break in the running of the account, which appears to have run along from the date of the note and mortgage, without break or interruption, until the institution of the suit,

with only the change in the manner of keeping and rendering the monthly statements of account. Under the rule laid down in the cases of *Dunnington* v. *Kirk* and others referred to above, the $931.95 payments should be applied to the payment of the $897.43, which includes the oldest items of the account covered by the mortgage.

The question of how these payments should be appropriated is really the only question involved in this appeal. That question is settled by the cases cited above, and the payments should be applied to the oldest items of the running account, which are included in the balance thereof on the 1st day of January, 1897, the date of the maturity of the note, amounting to the said sum of $879.43, to which the aggregate amount of said credits — the sum of $931.95 — being applied in payment, more than pays off and settles the same.

The decree of the court below is therefore, in effect, affirmed as to the foreclosure of the mortgage for the payment of the note only, but denied as to the account, not because the mortgage is invalid in that regard, but because the part of the account secured by the mortgage has been in fact paid, as aforesaid. The personal judgment of the court below against the husband is not erroneous,— in fact, is not appealed from. Remanded, with directions to foreclose the mortgage as decreed, and to proceed not inconsistently herewith.

WOOD and RIDDICK, JJ., not participating.