### SENGEL v. PATRICK.

#### Opinion delivered October 29, 1906.

1. APPEAL—QUESTION NOT RAISED BELOW.—Where a mortgagor in the lower court merely asked the court to charge the trustees who had sold the mortgaged property with the amount of the proceeds of such sale, he can not on appeal ask that if the trustees sold for less than the highest market price they be charged with the difference. (Page 386.)

2. SUCCESSIVE MORTGAGES—APPROPRIATION.—The execution at different dates of several mortgages on the same property is an appropriation in advance of the proceeds to the respective mortgage debts in the order of priority, and neither party could, without the other's consent, change the appropriation. (Page 387.)

Appeal from Sebastian Circuit Court, Fort Smith Division; *J. Virgil Bourland,* Chancellor; modified and affirmed.

*C. E. Warner,* for appellant.

1. Appellant was entitled to have appellees charged, in a settlement of the mortgage debt, with the fair value of the mortgaged property. The dealings of trustees with trust property are narowly scrutinized by courts of equity. If impugned, they can not stand unless characterized by the utmost good faith and candor. And the burden is upon the trustee to show their entire fairness. 41 Ark. 269; 1 Story, Eq. Jur. § 321. The burden was upon appellees to show fair dealing and a sale for fair value, and this was not done. If a trustee does not keep clear, distinct and accurate accounts, as he is bound to do, all presumptions are against him, and all obscurities and doubts are to be taken adverse to him. 2 Perry on Trusts, § 821; *Ib.* § 602.

2. The court erred in approving the act of the master in failing to apply the proceeds of sales to the prior .incumbrances as of the date at which such sales were made.

3. The court erred in allowing the receivers 10 per cent. of the amount of rents collected by them as commission. Appellees, having denied that they were trustees of the property and repudiated the agreement on which appellant relied, can claim nothing for their services. 12 Col. 178; 25 How. 175.

*Winchester & Martin,* for appellees.

1. The question as to whether or not the property in question sold for its fair market value, was not raised by appellant's answer or cross-complaint. It will not be considered here.

2. The debts were all appellant's, who had by contract fixed the rate of interest each should bear. The law which requires payments to be applied to the more onerous debt can not be invoked here.

McCULLOCH, J. Appellant, Sengel, borrowed $3,500 from Fort Smith Building Association No. 2, Permanent, a building and loan association, on stock in the association held by him, and mortgaged certain real estate in the city of Fort Smith as security for the loan. The association subsequently passed into the hands of receivers, the appellees being appointed by the court as such receivers.

On April 23, 1900, he conveyed the mortgaged real estate to the receivers by deed in absolute form, reciting consideration of $1,723.98, and on November 27, 1903, the receivers brought an action at law against him to recover the balance alleged to be unpaid on his obligation to the association.

Appellant answered, his answer being made a cross-complaint, admitting the execution of the obligation for payment of $3,500, borrowed money, but alleging that his deed conveying the real estate to the receivers was given on express agreement that the conveyance should be considered a mortgage to secure the said indebtedness, that the receivers agreed to assume payment of certain prior mortgage liens on the property conveyed and account to him for all rentals and proceeds of re-sale of the property, and that the receivers had rented out the property for a time and afterwards sold it to other parties. The prayer of his cross-complaint is that the deed be declared to be a mortgage, and "that plaintiffs be adjudged to make an account of the moneys received by them from the said described properties both as to

80—24

rentals and proceeds of sales, and that same be applied to payment of the mortgage incumbrances on said property."

Appellees filed an answer to the cross-complaint in which they denied that the deed was intended as a mortgage, but admitted that they had agreed with appellant that he should have a re-conveyance of the property on payment of the debt, and that in case of sale he should have credit on his debt for the amount of proceeds of sale.

The cause was transferred to equity, where it was heard, and a final decree entered in accordance with the prayer of appellant's cross-complaint, declaring the deed to be a mortgage and making a reference to a master to take proof and state an account of appellant's indebtedness, the taxes and expenses paid by the receivers and the amount of rentals and proceeds of sale of the property collected by the receivers.

At the next term of the court the master filed his report, finding a balance against appellant of $2,082.99, and asking that an allowance of $131.77 be made to the receivers as commission on rents collected.

Appellant filed exceptions to the report, but the court overruled the same, confirmed the report, including the allowance to the receivers, and rendered a decree against appellant for the amount found due by the master with accrued interest.

The brief of learned counsel for appellant contains an interesting discussion on the duty of the appellees, as trustees, to obtain the highest market price for the property sold and upon their liability therefor if they have sold for less than the highest market price. This question was not, however, raised in the pleadings, and can not be considered now. The cross-complaint of appellant contains no allegation that the property was sold by the receivers for less than its value. No issue was tendered on this point, but appellant claimed credit only for the proceeds of sale of the property. It would be manifestly unjust to charge the receivers, or the interests which they represent, with an amount in excess of the actual sums received for property sold, in the absence of allegations as to dereliction of duty on the part of the receivers in selling the property. Appellant asked the court to credit him only with the amount of the proceeds of sale of the property, which the court did, and he is in no position to ask for more now.

Exceptions to the master's report are based on the further ground that he credited the proceeds of sale first on the debt to the building and loan association which bore interest at six per cent. per annum, instead of on the prior mortgage liens which bore a higher rate of interest.

The receivers, acting under orders from the court in the cause in which they were appointed, bought in the outstanding prior mortgages on the property in order to protect the security which they held. One of the incumbrances was purchased before the conveyance executed to them by appellant, and the other afterwards. There was no express agreement between appellant and the receivers as to which of the mortgages the proceeds of sales should be applied upon. Nor does it appear that the receivers ever made any specific appropriation of the funds so received. But, whether they did so or not, the execution of the several mortgages was an appropriation in advance of the proceeds to the respective mortgage debts in the order of priority, and neither party could, without the other's consent, change the appropriation. *Greer* v. *Turner,* 47 Ark. 17; *Caldwell* v. *Hall,* 49 Ark. 508; *Fort* v. *Black,* 50 Ark. 256; *Sanford* v. *Van Arsdall,* 53 Hun (N. Y.), 70; *Orleans County National Bank* v. *Moore,* 112 N. Y. 543.

It was error, therefore, for the master to credit the proceeds of sale on the junior incumbrance having the lower rate of interest. The application should have been, first, in extinguishment of the prior incumbrances. This makes a difference, as calculated by appellant's counsel and undisputed by appellees, of $47.92 on interest on proceeds of sale to Howell and $58.77 on proceeds of sale to Moss, a total of $133.69 excess. There is also a difference of a few dollars on the sale to Bumgarden, the exact amount of which we are unable to ascertain from the record, but it is too small an amount to justify reopening the case. Appellant claims credit for about two months' rent which he says the receivers should have collected from Bumgarden, the purchaser, on part of the property between the dates of the agreement for sale and the consummation thereof. We think the chancellor properly refused this credit.

It is further contended that the chancellor erred in deducting from the amount of rents and proceeds of sale the items

of commissions to real estate agents who negotiated the sales, cost of abstract of title and commissions to the receivers on the rent collections. These were, under the circumstances, proper charges against the funds received, and the chancellor was correct in allowing them to be deducted from the gross amount of collections.

The decree against appellant will be modified to the extent of the sum of $133.69 and affirmed as to the remainder. It is so ordered.