HERWEIGH v. HALL.

Opinion delivered February 28, 1927.

1. PAYMENT—APPLICATION OF PAYMENTS.—The general rule relating to the application of payments is that the debtor at the time of making payment has the primary right to direct the application; if he fails to make the application, the creditor may make it; should he fail to make it, the law applies the payment to the oldest items of the account that are payable at the date of the payment.

2. PAYMENT—APPLICATION OF PAYMENTS.—The general rule, as to the application of payments does not apply where a third party has a paramount interest entitling him to direct the application of payments.

3. PAYMENTS—APPLICATION.—Where a landlord, who became co-maker with his tenant of notes executed to the payee for rent and supplies, he may direct that the proceeds of the tenant's cotton·sold to the payee by the tenant be applied to the oldest items in the account secured by such notes, whether due or not.

Appeal from Greene Circuit Court, First Division; *G. E. Keck,* Judge; reversed.

*John D. Hoskins,* for appellant.

*Jeff Bratton,* for appellee.

HUMPHREYS, J.   This suit was instituted before a justice of the peace in Greene County by appellee against appellant and Abe Moore to recover an alleged balance of $168.60, with 10 per cent. interest per annum from July 16, 1925, until paid, on two notes of $100 each, executed by Abe Moore and his landlord, the appellant herein, to secure supplies to be furnished by appellee to Abe Moore during the crop season of 1920.

Appellant interposed the defense that the payments made by the sale of the cotton raised by Moore on his farm should have been credited on the notes instead of upon the unsecured account for supplies purchased by Moore from appellee in excess of the notes.

Appellee herein obtained judgment for the amount claimed in the magistrate's court against appellant and his tenant, Moore, from which an appeal was prosecuted to the First Division of the Circuit Court of Greene County, where the case was tried *de novo,* with the same result, from which is this appeal.

The undisputed testimony reflects that Abe Moore, a tenant on the farm of L. Herweigh, made arrangements with Ira Hall, a merchant at Delaplaine, to furnish him with supplies during the crop season to the amount of $200, by agreeing to give him two notes in the sum of $100 each, bearing interest at the rate of 10 per cent. per annum from date until paid; that, after purchasing the bill in the sum of $..............., which was charged in Hall's books on open account against Abe Moore, he executed his promissory note to Hall for $100, dated April 12, 1920, due eight months after date, and another note for the same amount dated June 8, 1920, due six months after date, both of which were signed by L. B. Herweigh; that Moore bought supplies from time to time, which were charged on the account on the dates same were purchased, until the account amounted to $200, at which time Hall

extended additional credit to Moore without security, and continued to charge such supplies as he purchased, on the open account; that, in October, 1920, Moore sold Hall the cotton which he had raised on the farm, the price therefor being credited, as delivered, on the open account; that the account appearing in Hall's ledger, so far as it deals with the credits, is as follows:

Date Oct. 9, 1920.

Mr. Abe Moore
    Amount forwarded ...................................$282.80
Credit cash ...................................................... 70.00
                                                   $212.80

Date Oct. 15, 1920.

Mr. Abe Moore
    Amount forwarded ...................................$221.10
By Cash ....................................................79.36
                                                   $141.74

Date Oct. 22, 1920.

Mr. Abe Moore
    Amount forwarded ...................................$154.05
Cash ...................................................... 70.00
                                                   $ 84.05

Date Mch. 21, 1921.

Mr. Abe Moore
    Amount forwarded ...................................$167.43
Cash .......................................................... 8.00
Paid ............................................................ .75
                                                   $176.18

One bale cotton to apply on account.

The above statement does not show a $23 payment which was credited on the first note as of date April 10, 1921. It does show a $70 payment that was also credited on the first note of date October 27, 1920. The testimony reflects, without dispute, that the total amount of the account was $420.96, with total payments of $242.36,

leaving a balance due of $168.60, the amount for which suit was brought. The notes had been assigned to the bank, and were not in possession of Hall when the payments were made by Moore.

The testimony is conflicting relative to directions concerning the application of the payments.

Hall testified that, when Moore brought the first bale of cotton, he told him to credit it on the account; that, on the same day, Herweigh came to him and asked how Moore had directed that the proceeds of the cotton be applied, and, upon being informed that Moore had told him to apply it on the account, he said to credit it on the notes; that, when Moore came back, he informed him that Herweigh said to credit the proceeds of the cotton on the notes, and Moore replied that he wanted it credited on the account.

W. W. Clayton, Hall's clerk, testified that Moore directed the other cotton he brought in to be credited on the account.

Abe Moore testified that he told Hall to credit the proceeds of the cotton on the notes.

"The rule relating to application of payments is that the debtor, at the time of making payment, has the primary right to direct the application; if he fails to make such application, the creditor has the right to make it; should he fail to make it, then the law makes it by applying the payment to the oldest items of the account that are payable at the date of payment." *Briggs* v. *Steele,* 91 Ark. 458, 121 S. W. 754; *Cross* v. *Johnson,* 30 Ark. 396; *Johnson* v. *Anderson,* 30 Ark. 755; *Price* v. *Dowdy,* 34 Ark. 285; *Hughes* v. *Johnson,* 38 Ark. 294; *Kline* v. *Ragland,* 47 Ark. 111, 14 S. W. 474; *Lazarus* v. *Friedheim,* 51 Ark. 371, 11 S. W. 518; *Dunnington* v. *Kirk,* 57 Ark. 598, 22 S. W. 430; *Fort* v. *Black,* 50 Ark. 256, 7 S. W. 121; *Goldsmith* v. *Levine,* 70 Ark. 516, 69 S. W. 308.

In cases of debts due and debts not due, or items due and not due, in the same account, the law applies payments to the due debts or items before applying same to the undue debts or items, where no directions are given

by the debtor. In case items in an account are covered by a note securing them, they become due at the maturity of the note, and not before. The law therefore, without directions from a debtor, would apply payments to the oldest items due, and not the oldest items charged. 30 Cyc. 1243; *Frazier* v. *Lanahan,* 71 Md. 131, 17 A. 940; *Wolford* v. *Andrews,* 29 Minn. 250, 29 N. W. 367; *McMillan* v. *Grayson,* 83 Mo. App. 425; *Briggs* v. *Steele, supra.*

None of the rules announced in the cases referred to have any application to the instant case. The rules announced in those cases relate strictly to rights to make application of payments between the debtor and the creditor. The rules do not govern or control the rights of intervening parties. In the instant case the appellant had a landlord's lien on all of the cotton produced on his farm by Moore for the rents and supplies which he had secured by signing the notes. By virtue of this paramount lien and right, it was his privilege to direct where the proceeds of the cotton should be applied. The undisputed testimony shows that he directed that it be applied to items in the account secured by the notes. Hall, the merchant, should have followed his directions and applied the payment to the oldest items charged on the account, irrespective of whether due or not.

On account of the error indicated the judgment is reversed, and the cause is dismissed.

Mr. Justice KIRBY dissenting.