ARLO CAMP *v.* MABEL E. NOKES ET AL

5-5579                                                    467 S. W. 2d 730

Opinion delivered May 31, 1971
[Rehearing denied June 28, 1971.]

*Jeff Duty,* for appellant.

*J. Wesley Sampier,* for appellees.

GEORGE ROSE SMITH, Justice. In this action by the appellees to recover seven separate loans made by one or more of the appellees to the appellant in 1962, 1964, and 1965, the defendant pleaded the three-year statute of limitations applicable to oral promises. Ark. Stat. Ann. § 37-206 (Repl. 1962). The trial court, sitting without a jury, sustained the plea with respect to only two of the loans. For reversal the appellant contends that the

other five loans were also barred when suit was filed on November 22, 1968.

The four oldest loans were made in 1962 and were already barred by the statute when Camp made, in 1967, what the trial court found to have been a part payment of $350. Mrs. Nokes, who had made all those loans, testified that she had applied $100 of the payment to each of three loans and $50 to the fourth. The trial court held that those payments interrupted the running of the statute.

The court's finding cannot be sustained, for either of two reasons. First, the applications of the payment were apparently made only in Mrs. Nokes's mind, for there is no testimony that she made any notation upon her canceled checks to Camp, which she had kept, or took any other outward action to indicate how the payment was being applied. Effect cannot be given to a mere secret intent to apply a payment in a certain way. *Schoonover* v. *Osborne,* 117 Iowa 427, 90 N. W. 844 (1902). Although the asserted applications were set forth in the complaint, that was too late, for the controversy had already arisen. *Lazarus* v. *Freidheim,* 51 Ark. 371, 11 S. W. 518 (1888). Secondly, when a creditor has two or more claims, one of which is barred by the statute, he may apply a payment to the older debt, but his action does not revive that debt. The reason is that a new promise to pay may be inferred from the *debtor's* direction that a payment be applied to an outlawed obligation, but that inference cannot be drawn from the *creditor's* decision to apply the payment to a debt already barred. *Armistead* v. *Brooke,* 18 Ark. 521 (1857); Williston, Contracts, § 178 (3d ed., 1957). Here there is no indication that Camp directed any application of the payment. To the contrary, Mrs. Nokes testified that "There was not anything said between Camp and I what it was to be applied on."

The fifth loan in controversy was made on May 20, 1965, by all three of the appellees—Mrs. Nokes and her son and daughter-in-law. Mrs. Nokes and her son raised the money by borrowing it from a Missouri bank.

Their note to the bank bore interest at 8% per annum and was payable on November 20, 1965, which proved to be three years and two days before the filing of this action. Mrs. Nokes was not able to repay the bank until November 19, 1966. The trial court fixed that date as the beginning point for the running of the statute of limitations. The court reasoned that since Camp had promised to repay whatever interest Mrs. Nokes might pay the bank, the statute was not set in motion until the amount of that interest payment was known.

We are unable to approve that conclusion. Camp was not a party to the bank loan. There is no testimony that he promised to repay the loan to him only when the appellees had repaid the bank. The only testimony upon the point is David Nokes's statement that Camp said that "he would have the money in approximately thirty days" after the loan to Camp was made. Moreover, 8% interest upon the note to the bank could readily have been calculated to the penny at any time. We find no substantial evidence in the record to support the conclusion that the statute had not run upon the fifth loan when this action was filed.

It is with reluctance that we hold these loans to be uncollectible, for it is clear from the record that Mrs. Nokes was shamefully duped by Camp. Upon the proof, however, the statutes leave us with no choice in the matter.

Reversed and dismissed.