But the Court agreed in opinion, with the judge who sat at the trial, that the deed of the infant to the demandants was voidable only. The deed to the tenants was a recognition of it, and made it good and effectual. The cases from New York were different. The second deed in this case was a confirmation of the former one, and nod no operation to avoid it. Let judgment be entered for the demandants, as on mortgage.
Gold for the demandants, (a)

 Barnaby vs. Barnaby, 1 Pick. 221. — Oliver vs. Houdlett & Al. 13 Mass. Rep 239. — Roof vs. Stafford, 7 Cowen, 9. — Belton vs. Briggs, 4 Dess. 465.— Course vs Birdsall, 1 Johns. Cas. 127. — Jackson vs. Todd, 6 Johns. 257. — Jackson vs. Burchin, 14 Johns. 124. — Wamsley vs. Lindenberger, 2 Rand. 478. — Roberts vs. Wiggin, 1 N H. R. 73. — Wright vs. Steele, 2 N. H. R. 55. — Kline vs. Bebee, 6 Conn. R. 494.— White vs. Flora, 2 Tenn. 431. — Sed vide 1 Atkinson's Conveyancing, 229.— 1 Prest. Abstr. 324. — 4 Barton, Conv. 9. — Dixon, tit. Deeds, 471. — Swansey vs. Administrator of Vanderheyden, 10 Johns. R. 33. — M'Gillis vs. Howe, 3 N. H. R. 348.— Curtin vs Patton, 11 Serg. Rawle. 305.