## ROBBINS *vs.* EATON.

Where an infant purchased land, and at the same time re-conveyed it in mortgage, as security for the purchase money—*Held*, that a ratification of the purchase, by the infant, after he became of age, ratified the mortgage.

Where a promissory note is given by an infant, for articles not necessaries, which have been used or sold by him, an acknowledgment that he owes the debt, or a payment of a part of it, after he becomes of age, is no ratification of the contract.

But where the articles for which the note was given remain in the custody or control of the infant, his detention or conversion of them to his use, after he

Robbins *v.* Eaton.

becomes of age, raises an implied promise of payment, which is competent evidence of a ratification of the contract.

Where an infant purchased land, and continued in possession, occupying and improving the same for some years after arriving of age, and had offered to sell the land—*Held,* to be a ratification of the original purchase.

WRIT OF ENTRY, in which the plaintiff demanded the south half of two lots of land, in Bethlehem, in the county of Grafton, numbered six and seven, in the first range, in the second and third sale.

The defendant plead *nul disseizin.*

On trial it appeared, that on the 29th day of January, 1833, one David Harvey conveyed the demanded premises to the defendant, and at the same time the defendant mortgaged back the property to Harvey, to secure the payment of the purchase money. The mortgage, together with the notes described in the condition, were duly assigned to the demandant, and are still subsisting. The defendant became of age in September, 1834; and in the summer of 1838 he and his father occupied and improved the demanded premises; and during this time the defendant offered to sell the property to one William Kenney.

On this evidence it was contended by the plaintiff's counsel that the defendant had affirmed the contract after he became of age, and was bound by the deed of mortgage.

A verdict was taken, by consent, for the plaintiff, subject to the opinion of this court upon the foregoing case. And it was agreed that judgment should be rendered thereon, or the verdict set aside and judgment rendered for the tenant, as the court should direct.

*Ainsworth,* for the defendant, to the point that contracts for land by an infant are voidable, cited 1 *N. H. Rep.* 74, *Roberts* vs. *Wiggin; Bacon's Ab., Title Void and Voidable;* 13 *Mass. R.* 227, *Oliver* vs. *Houdlett;* 2 *Kent's Com.* 234; 4 *N. H. Rep.* 441, *Dearborn* vs. *Dearborn.*

That an express promise, made after the infant became of age, was essential to affirm a contract entered into by him

Robbins *v.* Eaton.

while a minor, he cited 6 *N. H. Rep.* 333, *Hamblet* vs. *Hamblet;* 8 *Ditto* 374, *Hale* vs. *Gerrish;* and contended that where a note was given by a minor, on a purchase of land, an affirmance of the contract after he became of age could only be by absolute sale of the land, and that mere possession of the land after such time, or an offer of sale, was insufficient. 15 *Mass. R.* 220, *Boston Bank* vs. *Chamberlain.*

*Bellows,* for the plaintiff, cited 3 *Burr.* 1717, *Evelyn* vs. *Chichester;* 2 *Kent's Com.* 235; 15 *Mass. R.* 220, *Boston Bank* vs. *Chamberlain;* 2 *N. H. Rep.* 55, *Wright* vs. *Steele,* as to void and voidable contracts; and contended that an express ratification of a contract made by an infant was not essential, but might be shown by any acts of his after he became of age which would reasonably imply an affirmance. To this point he cited 2 *Kent's Com.* 238; 1 *Greenl. R.* 11, *Hubbard* vs. *Cummings;* 6 *Ditto* 89, *Dana* vs. *Coombs;* 8 *Ditto* 405, *Lawson* vs. *Lovejoy;* 11 *Serg. & Rawle* 305, *Curtin* vs. *Patton;* 6 *Conn. R.* 494, *Kline* vs. *Beebe.*

UPHAM, J. In this case, the defendant having received the deed from David Harvey when a minor, the conveyance to him is voidable on his arriving of age.

If at such time the defendant claims to hold the land, he affirms the deed from David Harvey to him; and if a mortgage back of the land was made at the time of the purchase, it being one and the same transaction, it affirms the mortgage. 1 *N. H. Rep.* 73, *Roberts* vs. *Wiggin;* 6 *Greenl. R.* 89, *Dana* vs. *Coombs.*

If, however, the conveyances were not one and the same transaction; if the defendant purchased the land of Harvey, and paid a consideration for it, so that the contract for the land was complete and ended, and by a subsequent transaction the defendant mortgaged the land, an affirmance of the original deed would be no affirmance of the mortgage. The

two would be entirely disconnected. The effect of the defendant's possession would be wholly different, as it relates to the different contracts. As mortgager, his remaining in possession of the land, and holding out against the mortgagee, instead of being an affirmance of the mortgage, would be an express denial of its validity, and a resistance of the attempt to enforce a claim under it; while at the same time such possession and claim of the land, after arriving of age, would be an affirmance of the original contract of purchase.

It may, therefore, become important to determine how this was, and whether the sale and mortgage was one and the same transaction. Such appears to have been the fact, from the case as drawn; but it is suggested that this point was not adverted to at the trial, and that the case may be incorrect in this respect. If so, it can be corrected hereafter.

If this was a conveyance of land, and an immediate mortgage back, then the only question to be determined, to settle finally the rights of the parties, is, whether the purchase of the land was affirmed by the defendant after arriving of age; as this affirmance would affirm the mortgage, and entitle the plaintiff, as assignee of the mortgage, to recover the possession.

It is necessary, then, to consider the testimony in the case, relative to an affirmance of the contract.

On this point there is much diversity of authority. But this diversity arises, in a considerable degree, from the different classes of contracts to which affirmance relates, and from the different rules of law applicable to each. The authorities relating to different classes of contracts should be kept distinct from each other, as far as may be; and it will then be found that those applicable to any one branch do not essentially differ.

It is holden, as to promissory notes, that if an infant, after coming of age, admits that he owes the debt, or makes part payment of it, it is not a sufficient ratification of the contract; but there must be an express ratification, to render it

Robbins *v.* Eaton.

binding upon him. 1 *Pick. R.* 202, *Ford* vs. *Phillips ;* 8 *N. H. Rep.* 374, *Hale* vs. *Gerrish ;* 2 *Esp.* 628, *Thrupp* vs. *Fueldes ; Ditto* 482, *Hitchcock* vs. *Tyson.*

Payment of part of a note is no ratification of the whole, because the infant may admit only an indebtedness to that extent. The ratification should be equivalent to a new contract. Therefore an express promise as to the whole debt is necessary. 3 *Wend. R.* 479, *Goodsell* vs. *Myers.*

There are numerous authorities to this effect ; but these are cases where notes were given for articles which had been used or consumed prior to the infant's becoming of age. Where the matter constituting the consideration of the note is not in existence when the infant becomes of age, or is wholly beyond his control, there is nothing upon which an implied promise can arise, and an express promise to pay the debt can alone render the infant liable. The authorities are, therefore, correct, as limited to this class of cases. But where the consideration of the note is still in existence, in as perfect a state after the infant becomes of age as before, and is subject to his control, he may so deal with the articles or property forming such consideration, as to raise an implied promise of payment ; and in such cases an implied promise to pay the note renders the infant liable, as fully as any express promise could have done.

Thus, where an infant had purchased a yoke of oxen, for which he gave his negotiable promissory note, and after coming of age sold the oxen and received the avails, this was held as an implied promise to pay the note. 7 *Greenl. R.* 405, *Lawson* vs. *Lovejoy.* Acts of this description, as to the property for which the note was given, constitute a full ratification of the contract.

Where but a part of the articles are in possession of the minor when he becomes of age, his detention or conversion of them might not affirm the entire note ; but there can be little doubt it would render him liable in some form to the extent of the value of such articles.

Robbins *v.* Eaton.

Where the consideration of a note is a conveyance of land, a sale of the land by the infant, after he comes of age, raises an implied promise to pay the note. *Co. Litt.* 2, *b ;* 15 *Mass. R.* 220, *Boston Bank* vs. *Chamberlain.*

Some authorities confine an affirmance of a purchase of land to an actual subsequent sale of the same by the infant, after he becomes of age ; but it seems to be limiting to a very narrow point the evidence of affirmance of such a contract, and without any sufficient reason ; as many other acts may constitute just as full and undoubted evidence of a design on the part of the infant to affirm such contract, as an actual sale of the land. We think the better authority to be that sustained by the case of *Hubbard & al.* vs. *Cummings,* 1 *Greenl. R.* 11, that if the grantee, being an infant, continue in possession of the land after becoming of full age, this is an affirmance of the contract. *Co. Litt.* 2, *b ; Com. Dig., Enfant, C.* 6, 8 ; 1 *Pick.* 221, *Barnaby* vs. *Barnaby.*

In this case it appears that the defendant became of age in September, 1834. In the summer of 1838—four years afterwards—the defendant and his father occupied and improved the demanded premises, purchased by him when an infant, and during said summer the defendant offered to sell the land to one William Kenney. We consider this evidence sufficient to show an affirmance of the original contract of purchase, and the plaintiff is, therefore, entitled to judgment.

The pleading of *nul disseizin,* independent of this evidence, shows a claim of title to the land, and an affirmance of the contract.

*Judgment on the verdict.*