## SCOTT et al. vs. WARD, Trustee, et al.

MARRIED WOMAN: *Her power to convey or mortgage her realty.*

The statute does not limit a married woman's power to convey her real estate, to any particular purpose or consideration. She need not acknowledge a consideration. She may mortgage it for her husband's debts, or sell it and pay his debts with the proceeds, or set him up in business.

APPEAL from *Crawford* Circuit Court in Chancery.

Hon. J. H. ROGERS, Circuit Judge.

*Du Val & Cravens*, for appellants.

*U. M. Rose, contra.*

ENGLISH, C. J.   This was a bill filed in the circuit court of Crawford county to enjoin the sale of real estate by a trustee in a deed of trust.

In the bill, exhibits and answer, upon which the case was heard, there was no disagreement between the parties as to the material facts, which may be briefly stated:

J. Neal & Co., a mercantile firm of Van Buren, composed of Neal and Charles G. Scott, being largely indebted and unable to meet its liabilities, by an arrangement between the parties, Henry C. Robards, the son-in-law of Scott, became his successor in the firm, and assumed its debts at fifty cents on the dollar, for which he executed his notes to the several creditors of the firm, bearing date June 1, 1874.

To secure the payment of the notes, Charles G. Scott and wife, Caroline L. Scott, Henry C. Robards and wife, Johanna P. Robards, executed a deed of trust, with power of sale, to Augustus J. Ward, as trustee, conveying lands

and lots which were the separate property of Mrs. Scott and her daughter, Mrs. Robards, which deed of trust was dated on the first, and duly acknowledged in accordance with the statute of the thirteenth of June, 1874.

After the execution of the deed, Mrs. Robards died, leaving an infant child, Charles Robards.

Henry C. Robards failing to pay the notes secured by the trust-deed at maturity, Ward, the trustee, advertised the lands and lots for sale under the power contained in the deed, and the bill for injunction was filed by Mrs. Scott and her infant grand-child, Charles Robards, making the trustee, the beneficiaries, etc., defendants.

The bill assumed that the deed of trust was invalid as a conveyance by Mrs. Scott and Mrs. Robards, both married women, to secure the notes executed by Henry C. Robards.

On the hearing, the court dismissed the bill, and complainants appealed to this court.

Counsel for appellants cite *Stillwell and wife v. Adams, 29 Ark., 346; Davidson v. Lanier, 51 Ala., 318,* and *Lippincott v. Mitchell, 94 U. S. (4 Otto), 767,* to sustain the proposition that a married woman can not mortgage her separate estate to secure a debt contracted by her husband.

1. MARRIED WOMAN: Her power to convey or mortgage her realty.

The case of *Davidson v. Lanier* followed *Wilkinson v. Cheatham, 45 Ala., 337,* and in both cases the wife attempted to mortgage her statutory separate estate to secure a debt of her husband, and the court held that the statute limited her power over her estate, and disabled her to make the mortgage.

*Lippincott v. Mitchell* was an Alabama case, and the supreme court of the United States followed the decisions of that state made upon its statutes.

By our statute, a married woman may convey her real

estate, or any part thereof, by joining her husband in a deed, acknowledged in the prescribed form. *Wood and Wife v. Terry et al., 30 Ark., 391.*

The statute does not limit her power of conveyance to any particular purpose or consideration.

She need not acknowledge a consideration, for that may go to the *husband. Little, Trustee, v. Dodge, Guardian, 32 Ark., 459.*

If it please her, she may sell her land and pay the debts of her husband with the proceeds, or set him up in business.

Why, then, may she not convey it by mortgage, or deed of trust, to secure the payment of his debts, if she chooses so to do?

In *Stillwell and Wife v. Adams, 29 Ark., 346, supra,* the mortgages were held invalid because not acknowledged in the form prescribed by the statute.

This court has in no case held that a married woman could not execute a valid mortgage of her estate to secure the debts of her husband, and thousands of such mortgages have been taken in the state.

Mr. JONES, in his work on *Mortgages, sec. 113, vol. 1,* says: "A married woman may make a valid mortgage of her separate property to secure the payment of the debt of her husband, or of any other person, etc. Any consideration which would be sufficient to support the obligation, if made by any one else, as, for instance, the granting of the original loan, or a subsequent extension of the time of payment of the debt, is sufficient to support the undertaking. Whatever conflict there may be in the authorities as to the ability of a wife to charge herself personally for any debts not contracted for her own benefit, there is a general unanimity in holding that a mortgage upon her property

may be enforced against that whether made for her benefit or not."

See, also, *1 Bishop on Married Women, sec. 604.*

The decree must be affirmed.