SPENCER WARD v. LETITIA ANDERSON et al.

*Deed—Mortgage—Infancy—Ratification—Lien, Priority of.*

An infant executed a mortgage of land, and after arriving at majority executed another mortgage of the same land to another mortgagee; in the last mortgage, immediately following the descriptive clause, was this recital: " Which said tract is subject to a prior lien in favor of J. B.," the first mortgagee: *Held,* that this recital was a ratification of the first mortgage, and thereby constituted it a first lien upon the land conveyed.

CIVIL ACTION tried at March Term, 1892, of HALIFAX Superior Court, *Brown, J.,* presiding, upon the following agreed statement of facts:

"On the ____ day of March, 1882, Edward Anderson and wife Letitia and Matilda A. Sexton executed their note to John Beavans, Sr., for $150, and secured the same by mortgage on land (which was registered), and was then the property of said Matilda A. Sexton, a minor.

"On July 10, 1882, said parties made another note for $50 to said Beavans, and secured the same by mortgage on same land, and which was registered.

" On the 2d of April, 1885, said parties executed to Spencer Ward a mortgage (the same land) to secure the sum of $400, which was registered.

" No other mortgages were ever executed by said parties to said Beavans."

The point presented to the Court is, whether the language used in the mortgage to Ward is a ratification by the infant Matilda after her coming of age.

The mortgage to plaintiff, executed to secure his debt of $400 after the mortgagor attained her majority, contained, just after the descriptive clause, the following recital : "Which said tract is subject to a prior lien in favor of John Beavans, Sr., for the sum of $200."

The material portion of the judgment was as follows: " It is adjudged by the Court that the said debt to Beavans constitutes a lien on the land described and conveyed in defendant's mortgages prior to that constituted by the mortgage debt to the plaintiff.    That unless the aforesaid indebtedness to the defendant Beavans is paid on or before the 18th day of July, 1892, the land conveyed by the mortgages to said defendant (Beavans) be sold at public auction for cash to the highest bidder, at the court-house door after thirty days' advertisement of the time and place of sale by printed notices, &c., and that the proceeds be applied, first towards the payment of said debt to Beavans, and surplus as may hereafter be directed," &c.

Defendants, other than Beavans, and plaintiff appealed.

*Messrs. Mullen & Daniel* (by brief) and *S. S. Alsop*, for plaintiff

*Messrs. R. O. Burton* and *L. P. McGehee*, for defendants.

AVERY, J.:  The question presented by this appeal is whether the mortgage deeds executed by an infant, and purporting to convey land to John Beavans to secure two notes,

one for $150, the other for $50, were ratified by a recital in reference to the same land in a second conveyance of it to secure debts made after his arrival at the age of twenty-one, and in the following words inserted immediately after the description, to-wit, " Which said tract is subject to a prior lien in favor of John Beavans, Sr., for the sum of $200," it being admitted that no other mortgage deeds were ever executed by the infant to said Beavans.

In *McCormic* v. *Leggett*, 8 Jones, 427, Chief Justice PEARSON stated the rule governing the ratification of the voidable contracts of infants after attaining their majority to be " that the deed of an infant is not void, but is voidable by him after he arrives at age. That in order to avoid the deed mere words are not sufficient, but there must be some *deliberate act* done, by which he takes benefit under the deed or *expressly recognizes its validity.*" In *Hoyle* v. *Stowe*, 2 Dev. & Bat., 320 (cited in *McCormic* v. *Leggett, supra*), Chief Justice RUFFIN, after doubting *Houser* v. *Reynolds*, 1 Hay., 143, stated the rule in reference to verbal declarations, relied on as a ratification of an infant's contract, to be that they operate as a confirmation of the deed only where they " are directly between the parties to the deed and contain an explicit recognition of the deed and expression of the maker's satisfaction with it, as a conveyance." If the ratification is in words it must amount to an express promise, made to the party to be benefited by it, or " *an unequivocal act from which the inference is certain that a legal liability was meant to be acknowledged.*" *Ibid*, p. 328. But an infant can disavow his voidable deed. after arriving at full age, without directly treating with the grantee, either verbally or in writing, by executing a deed for the same land to a stranger. *Hoyle* v. *Stowe, supra*. It was held by the Court of New York that a second conveyance after an infant attained his majority, was such a solemn act that even though the bargainor was out of possession, and it was therefore inoperative to pass the land, yet, being equally as noto-

rious as the first conveyance, and inconsistent with the recognition of its validity, it was " an effectual avoidance of" the first deed. *Jackson* v. *Burchin,* 14 Johns., 124; *Jackson* v. *Carpenter,* 11 Johns., 539.

In our case Beavans relies not on a verbal promise but upon a solemn deed, which, though executed to a stranger, contained the most explicit acknowledgment, deliberately made, that the former conveyances had created a lien, still subsisting and superior to that created by the mortgage deed to Ward.

In the later case of *Turner* v. *Gaither,* 83 N. C., 362, Chief Justice SMITH quoted the language of Greenleaf (2 vol., sec. 367), in which a distinction is drawn between executed and executory contracts.

We have in America two lines of authorities, the one holding that the infant's contract imposes no liability on him until created by a new ratification, having all of the elements of a new contract, except a new consideration ; the rule being that there must be either " an express promise, or *such acts,* after the infant becomes of age, as practically lead to the conclusion that he intended to ratify the contract." The other theory is that the infant, on attaining his majority, may ratify the contract "upon the same principles, for the same reasons, and by the same means, as a debt barred by the statute of limitations may be revived." 10 Am. and Eng. Enc., 645. This Court may be classified as one of those that demands unequivocal evidence of an intention to ratify the voidable act, but the distinction is clearly recognized that mere words relied upon as a confirmation must have all of the elements of a new contract between the parties, while a solemn and notorious act, such as executing a deed that contains a recital inconsistent with the disaffirmance of the voidable conveyance, or a new deed aliening the land to another, may operate as a ratification or repudiation, though the grantee in both cases is a stranger, and the grantee in

the original deed, made during infancy, is not present nor a party to the subsequent deed.

We find in support of our view, that the Supreme Court of Massachusetts, at a very early period of its history, held that a subsequent deed of a grantor made after arriving at his majority for the whole of a piece of land, recognizing by a recital a former conveyance for a part of the same land executed during infancy and conveying subject to it, ratified his former deed and made it effectual in law to pass the land purporting to be conveyed by it. *Bank* v. *Chamberlin*, 15 Mass., 220. Other Courts of this country have approved the principle laid down in that case. *Scott* v. *Buchanan*, 11 Humph. (Tenn.), 468; *Palmer* v. *Miller*, 25 Barb., 399; *Irvine* v. *Irvine*, 9 Wall., 617; *Linde* v. *Budd*, 2 Paige, 191. Precisely the same question, however, has been passed upon by some other Courts, and they have followed the rule stated in *Bank* v. *Chamberlin, supra; Losey* v. *Bond*, 95 Ind., 67.

There is a striking analogy between the case at bar and that of *Hinton* v. *Leigh*, 102 N. C., 28, in which it was held that a similar recital in a mortgage deed of a lien created by a deed of trust executed previously but admitted to registration after the deed of later date, created a charge upon the land mentioned in the recital for the payment of the debt intended to be secured by the first mortgage, which the Courts would enforce by ordering a sale, unless the debt should be discharged by a certain day. The judgment of the Court below in our case declares the lien created by the ratification of the deed executed during infancy, and a sale is ordered on default in the payment of the debt due to the defendant Beavans before the day mentioned.

For the reasons given, we think that in holding that the mortgage deed executed during infancy was made effectual by the subsequent recital as far as to create a charge superior to the lien of the second conveyance, there was

No Error.