## HARPER v. McGOOGAN.

### Opinion delivered February 10, 1913.

1. MARRIED WOMEN—MORTGAGE—SEPARATE PROPERTY.—A wife may mortgage her separate property to secure the payment of a debt of her husband. (Page 16.)

2. DEED—ACKNOWLEDGMENT OF MARRIED WOMAN—IMPROPER INFLUENCE OF HUSBAND.—No fraud or undue influence, actually exercised over the wife by the husband, can vitiate the conveyance if the grantee be no party to the improper influence, and has no knowledge of it. (Page 16.)

3. DEED OF TRUST—WIFE'S SEPARATE PROPERTY.—Where a husband executed a deed of trust to land belonging to his wife as though it were his property, to secure the payment of his note, and the wife joined in the deed in the recital that, "And I, M. J. McGoogan, wife of John McGoogan, for the consideration and purposes afore-

said, do hereby join with my husband in the execution of this deed," and both acknowledged the same before a proper officer, in order to give any effect to the act of these parties in executing the instrument and acknowledging it, it will be *held* that a valid deed of trust was executed upon the land of the wife. (Page 17.)

4. MORTGAGES—STATUTE OF LIMITATIONS—HUSBAND AND WIFE.—Where a wife joins with her husband in executing a deed of trust on land belonging to her to secure a debt of the husband, she is not a "third party" within the meaning of section 5399 of Kirby's Digest, and the statute of limitations can not be pleaded by the wife as between the parties to the trust deed when payments on the same have been made prior to the expiration of the statutory period but not endorsed on the margin of the record as required by section 5399 of Kirby's Digest. (Page 20.)

5. USURY—PLEA OF.—Where there is a conflict in the evidence and the testimony preponderates against a plea of usury, that defense will·be unavailing. (Page 21.)

Appeal from Union Chancery Court; *James M. Barker*, Chancellor; reversed.

*Patterson & Green,* for appellant.

A mortgage by the wife of her lands to secure her husband's debt is valid. Kirby's Dig., § 740; 34 Ark. 17; 45 Ark. 117; 70 Ark. 516.

2. The evidence does not sustain the defense that Mrs. McGoogan was forced or unduly influenced by her husband to sign the mortgage. Moreover, it is not necessary that a married woman be examined separately or that she make any disclaimer of compulsion or undue influence in her acknowledgment to a conveyance of her separate property. 41 Ark. 421; 43 Ark. 160.

If the grantee was no party to the improper influence and knew nothing of it, the conveyance will not be vitiated even though there was actual fraud or undue influence on the part of the husband. 41 Ark. 426; 38 Ark. 377. See also 49 Ark. 85; 71 Ark. 517; 13 Cyc. 584; *Id.* 577; 70 Ark. 512; 71 Ark. 185.

3. The deed of trust is sufficient to convey the wife's fee in the lands. Article 9, § 7, Const. 1874; Kirby's Dig., § 740; 43 Ark. 28, 29; 53 Ark. 107; 70 Ark. 34; 53 Ark. 377; 87 Ark. 372; 90 Ark. 113; 94 Ark. 613; 91 Ark. 268.

In this case the deed of trust is sufficient without Mrs. McGoogan's acknowledgment at all. 41 Ark. 421; 47 Ark. 235; 49 Ark. 85; 71 Ark. 517. And if defective her acknowledgment is cured by subsequent curative acts of the Legislature. Acts 1907, p. 355; Acts 1911, p. 12.

4. The defenses that the mortgage is barred by the statute of limitations, and that it is void for usury, are not sustained by the evidence.

As to usury, the burden is on the party who pleads it, and it will not be inferred where from the circumstances the opposite conclusion can reasonably and fairly be reached. 57 Ark. 251; 59 Ark. 368-9; 68 Ark. 168; 74 Ark. 252; 9 Pet. 378; 25 Ark. 195; 54 Ark. 566.

*E. O. Mahony* for appellees.

Argument stated in the opinion.

SMITH, J. This action was begun by appellant in the Union Chancery Court to foreclose a deed of trust on a certain tract of land in that county, executed by the appellees to secure a note given by J. M. McGoogan, of even date with the deed of trust, and payable to the order of Doctor J. W. Harper. The complaint was filed August 14, 1911, and alleged in substance that on December 14, 1903, the defendant John M. McGoogan, executed and delivered to Doctor J. W. Harper, now deceased, his promissory note for $300 due and payable December 1, 1904, with interest at ten per cent per annum from maturity until paid and to secure the same, executed the deed of trust here sought to be foreclosed. That for a valuable consideration and before maturity, Doctor Harper transferred and assigned to plaintiff, Mrs. Mary Harper, said note and deed of trust, which were taken by said Doctor Harper as agent for plaintiff; and that the money loaned to and received by defendant, McGoogan, was the money of the plaintiff, Mrs. Mary Harper. The note and deed of trust read as follows:

EXHIBIT "A."

Three Creeks, Ark., Dec. 14, 1903.

On or by December 1, 1904, I promise to pay to the order of Doctor John W. Harper, the sum of three hun-

dred dollars, with ten per cent interest from due until paid. This note is given to secure mortgage of same amount and date.                    John McGoogan.

Endorsement: Received on this note $15, one-half interest for the year 1905. Amount due December 1, 1905, $315. Amount due, $315; interest 1906, $31.50; total, $346.50. Rec. April 25, 1910. Paid $5.

For value received I hereby assign and transfer to Mary Harper all right and title I may have to the within note.                    (Signed)       J. W. Harper.

Three Creeks, Ark., November 23, 1905.

March 1, 1909, paid $40.

### EXHIBIT "B."

(The essential portions of the deed of trust in controversy are as follows:)

This deed of conveyance, made and entered into this 14th day of December, 1903, by and between John McGoogan, party of the first part, and W. G. Pendleton, as trustee, of the second part. Witnesseth, that the said party of the first part, being indebted to the said Doctor John W. Harper in the sum of $300 dollars as evidenced by his note of this date, due and payable on the first day of December, 1904, with ten per cent interest thereon from due until paid, and being desirous of securing the payment of the said sum of money unto the said Doctor John W. Harper and in consideration thereof, and in the further consideration of $100 in hand to the said party of the first part, the said John McGoogan, party of the first part, doth hereby bargain, grant and sell unto the said W. G. Pendleton, party of the second part, the following lands and personal property, towit: (Certain personal property, describing it), "also northeast quarter of section 24, township 19, range 17, containing 160 acres, the same now being in possession of parties of the first part." * * * * Then follows the usual crop mortgage provisions in blank, also the usual covenant of ownership and freedom from encumbrances and liens, and warranty of title, followed by the usual conditions of ordinary deeds of trust as to forfeit-

ure and sale by trustee. The last provision of the deed of trust is as follows:

"And I, M. J. McGoogan, wife of the said John McGoogan, for the consideration and purposes aforesaid, do hereby join with my said husband in the execution of this deed, and do bargain, grant, sell and convey unto the said W. G. Pendleton, as trustee, his heirs, assigns and successors, all my right of homestead in said property, present and prospective, and for and on my own part and behalf do hereby freely and fully relinquish and release unto the said party of the second part all my right and claim to dower in and to the aforesaid granted and bargained premises.

In witness whereof, we hereunto set our hands and seals this, the 14th day of December, 1903.

John McGoogan, (Seal).
M. J. McGoogan, (Seal).

State of Arkansas,
County of Union.

Acknowledgment. Personally appeared before me, W. S. McAlpine, a justice of the peace in and for the county and State aforesaid, John McGoogan, party to the within and foregoing deed of trust, and to me well known, and acknowledged that he has executed said deed for all the purposes and considerations therein mentioned, expressed and set forth, and asked that the same be so certified, which is accordingly done. And I further certify that on this day also voluntarily appeared before me, a justice of the peace, M. J. McGoogan, wife of the said John McGoogan, to me well known as the person whose name appears upon the within and foregoing deed of trust, and in the absence of her said husband declared that she had, of her own free will, joined with him in the execution of the same as to her homestead rights therein stated, and had signed the relinquishment of dower therein expressed for the consideration and purposes therein contained and set forth, without compulsion or undue influence of her said husband.

In testimony whereof, I have hereunto set my hand

and caused the seal of my office to be affixed. This done the 14th day of December, 1903. W. S. McAlpine, J. P.''

McGoogan and his wife filed their separate answers, and Mrs. McGoogan alleged that she thought the instrument signed was a mortgage on the crop; that the land in controversy was her own land and she had not intended to incumber it; that the note sued on was usurious; and that there was an agreement between Doctor Harper and her husband that the latter should have all the time he wanted to pay said note; she denied Mrs. Harper was the purchaser of the note for a valuable consideration or that it was assigned to her before maturity; and alleged that her husband had forced her to sign the deed and acknowledge it against her will; and that she had not signed the note; and had received none of the proceeds thereof; and she pleads the statute of limitations. Her husband in his answer admitted the execution of the note, but said that there was deducted $45 or fifteen per cent as interest and in addition, there was an agreement in the note to pay ten per cent, which made a total rate of twenty-five per cent which was charged, and agreed to be paid; denied that the credits on the margin of the deed of trust record were placed there within five years from the date of the mortgage. There was a decree for the defendant and the cause dismissed and the plaintiff appealed. The points in issue between the parties and which are discussed in the briefs are as follows:

First. That a mortgage by the wife of her lands to secure her husband's debt is invalid.

Second. That the wife was unduly influenced or forced by the husband to execute the deed of trust.

Third. That the wife did not sufficiently join in the execution of the deed of trust so as to convey the fee, and the instrument is invalid because the wife intended to convey only her dower interest in the lands, which in this case amounted to a conveyance of no interest at all.

Fourth. That action to foreclose the mortgage is barred by the statute of limitations.

Fifth. That the note secured by the deed of trust was usurious.

To discuss these points in their order it may be first said that, the right of the wife to mortgage her separate property to secure the payment of her husband's debt is well settled. *Collins* v. *Wassell,* 34 Ark. 17; *Scott* v. *Ward,* 35 Ark. 480; *Petty* v. *Grisard,* 45 Ark. 117; *Goldsmith* v. *Lewine,* 70 Ark. 516.

As to the duress of the wife, compelling her to sign and acknowledge the deed of trust, it is sufficient to say that no contention is made that Doctor Harper had knowledge of, or took part in, the exercise of this duress. "No fraud or undue influence, actually exercised over the wife by the husband, can vitiate the conveyance if the grantee be no party to the improper influence and has no knowledge of it." *Donahue* v. *Mills,* 41 Ark. 426; *Meyer* v. *Gossett,* 38 Ark. 377; see also 13 Cyc., p. 584.

The third proposition is that the wife did not sufficiently join in the execution of the deed of trust so as to convey the fee and the instrument is invalid, because the wife intended to convey only her dower interest in the lands. It is true that this deed was drawn as if the husband was the owner of the land, but the wife does join in these recitals; "And I, M. J. McGoogan, the wife of the said John McGoogan, for the consideration and the purposes aforesaid do hereby join with my said husband in the execution of this deed and do bargain, grant, sell and convey unto the said W. G. Pendleton, as trustee, his heirs, assigns, and successors, all my right of homestead in said property, present and prospective, and for and on my own part and behalf, do hereby freely and fully relinquish and release unto the said party of the second part all my right and claim to dower in and to the aforegranted and bargained premises." The question here is, whether or not the language here employed was sufficient to convey the interest owned by Mrs. McGoogan in the land in question. It could not convey the right of dower and homestead because the land belonged to her and not to her husband, but is the deed

void on that account?  She undertook to make a convey-
ance of some interest in the lands described and what is
the result of that attempt?  It can not be said that she
did not intend to convey anything for the existence of
the instrument which she acknowledged she signed, is
evidence that she intended to part with some interest in
her lands, otherwise its execution would have been a
futile formality.  Neither can it be said that she intended
to convey her homestead and dower interest for she
owned neither of these rights or interests and her under-
taking would likewise have been purposeless.  If she
conveyed anything, she conveyed the fee, for this was
the interest she owned.  In the formal granting clause,
her husband undertook to convey, as if he was the owner,
but in the conclusion of the deed, she formally adopted
the language he had used as her own and made his act
her act when she says, "And I, M. J. McGoogan, wife of
the said John McGoogan, for the consideration and pur-
poses aforesaid, do hereby join with my husband in the
execution of this deed."  The recitals in regard to his
acts leave no doubt that he was undertaking to convey
the fee and when she joined with him in the execution
of the deed that purpose was made effective.  The whole
purpose of the conveyance was to secure the loan made
to her husband and this was the consideration and pur-
pose which must have been intended by the recitals of
the acknowledgment.

In the case of *Malin* v. *Rolfe,* 53 Ark. 107,
which was a suit in ejectment, there were ex-
ceptions to a deed which had been offered in evidence
to the effect that the wife of the grantee named therein,
who owned the fee to the land, joined in the deed only
for the purpose of relinquishing dower to the land
therein described as belonging to her husband, and it
was contended that as she did not join in the granting
clause of the deed that as to her separate property
therein described, said deed was void as it contained no
word sufficient to pass her title; and that the clause in
the deed in refernce to the wife contained no description

of the property or reference to the property elsewhere described. The exceptions were sustained, but upon the appeal, Justice HUGHES, speaking for the court, said: "Did the deed operate to convey the estate or interest of Mrs. Head in the lot described therein? Since the adoption of the Constitution of 1874, a married woman can convey her separate property as if she was single. The law will construe a deed most strictly against the grantor; and that part of the deed will be construed to precede which ought to take precedence, no matter in what part of the instrument it may be found.

A deed is to be construed as, if possible, to give effect to the conveyance, hence it will be allowed to have this effect, although it may lack formal words, if it contains sufficient words to convey the estate. If a married woman joins her husband in a conveyance as grantor her estate passes, (*Johnson* v. *Parker,* 51 Ark. 420) we are of opinion that the words used by Mrs. Head in the trust deed were sufficient to convey her estate and that they referred to the property elsewhere described in the deed, and that the deed operated to convey her estate therein to the trustee." In the case of *Lanigan* v. *Sweany,* 53 Ark. 185, the court said: "The question as to what estate a deed to land was intended to convey must be determined by the intention of the parties to be ascertained from the contents of the deed and the relation of the grantor to the property affected."

The case of *Sledge and Norfleet Co.* v. *Craig,* 87 Ark. 371, was a proceeding to foreclose a mortgage upon a homestead where the name of the wife was not mentioned in the granting clause of the deed, nor in any part of the deed, which deed concluded with the statement that: "The parties of the first part have hereto set their hands and seals and etc.   *   *   *   *   " and her name appears, subscribed thereto with the names of other grantors, and the deed contained no clause relinquishing the wife's dower, but the court said: "In order to give effect to her signature it must be construed to evidence an intention to join in the grant," and cited in support of that state-

ment, the case of *Pipkin* v. *Williams,* 57 Ark. 247. The court there further said, "The statute provides that no conveyance, mortgage, or other instrument affecting the homestead of any married man, shall be of any validity unless his wife joins in the execution of such instrument and acknowledges the same. Kirby's Digest, § 3901. This statute prescribes no particular form of acknowledgment and the court has held that the use of no particular form or words is essential in order to comply therewith, but that it is sufficient if the wife joins in the execution of a deed and acknowledges the same before an officer, authorized by law to certify acknowledgments, these being the substantive acts required by the statute in order to give validity to a conveyance of the homestead. The officer's certificate to the deed involved in this case does not conform to the general statute, prescribing the form of acknowledgments to deeds, but it does show that the wife acknowledged before the certifying officer that she executed the deed. This is all that is required by the statute, directed especially to the wife's execution of a conveyance of the homestead. But if we should hold that the certificate of acknowledgment is defective, the defect has been cured by a subsequent statute. Kirby's Digest, § 786."

It may be said of the acknowledgment in this case, that two curative acts have been passed since its date. Act No. 147 of the Acts of 1907; Act No. 24 of the General Acts of 1911. In the case of *Ward* v. *Stark,* 91 Ark. 273, Chief Justice McCULLOCH, speaking for the court, said: "The only language purporting to create a lien is as follows: 'It is also understood and agreed by the parties hereto concerned, that this agreement is and shall be a lien upon said farm, upon which the trees are planted until said party of the second part shall receive of the said party of the first part the compensation above specified.' This language in the instrument unmistakably manifests the intentions of the parties that a lien shall be thereby created on the land and equity will give effect to this intention by enforcing the lien," and in the same case it was further said: "It is also con-

tended that the instrument now under consideration was not executed in compliance with the homestead statute, and therefore, was insufficient to create a lien. The wife's name does not appear in the body of the instrument, but she signed it and acknowledged its execution. It contains no relinquishment of dower and the wife's execution of it is referable only to an intention to consent to the creation of a lien and to join in the act creating it. In no other way can any effect be given to her signature.'' So in this case, to give any effect to the act of these parties in executing this instrument and acknowledging it, it must be held that they executed a valid deed of trust upon the land of Mrs. McGoogan. *Bagby* v. *Bagby,* 152 S. W. 537.

The defense of limitations could be available only upon the theory that the payments made upon the note, secured by the deed of trust, were not indorsed upon the margin of the deed of trust record within five years of the dates upon which they were made, and that Mrs. McGoogan was a third party within the meaning of the provisions of section 5399 of Kirby's Digest; that ''when any payment is made on any such existing indebtedness before the same is barred by the statute of limitations, such payment shall not operate to revive said debt or to extend the operations of the statute of limitations with reference thereto, so far as the same effects the rights of third parties, unless the mortgagee, trustee, or beneficiary shall, prior to the expiration of the period of the statute of limitations, indorse a memorandum of such payment with date thereof on the margin of the record where such instrument is recorded, which indorsement shall be attested and dated by the clerk.'' Appellees deny having made payment of $5, dated April 25, 1910, but admit the correctness of the other payments, and this admission was sufficient to keep alive the lien of the deed of trust as between the parties thereto, Mrs. McGoogan not being a third party within the contemplation of the section of the statute above quoted.

Probably the most difficult question in the case is the

one of fact in regard to the charge of usury. The evidence of McGoogan upon that question fully sustains that charge, but if the act of the court in dismissing the cause for want of equity was based upon that finding, we are of opinion that it was against a clear preponderance of the evidence. There was a volume of testimony upon this point, a very great deal of which was incompetent and it would probably serve no useful purpose here to set it out in detail. The evidence of McGoogan is not in harmony with that of his wife, and when considered by itself, it is inconsistent, and upon a consideration of all the evidence, we hold that the proof does not establish that defense. *Smith* v. *Mack*, 105 Ark. 653, 151 S. W. 431.

Upon the whole case, we are of opinion that the plaintiff has a valid, subsisting lien upon the property in controversy, to secure the balance due upon the note, which it is admitted she now owns. And this cause is remanded with directions to the chancellor to enter a decree ordering a foreclosure of the deed of trust.