## HOLLAND *v.* BOND.

### Opinion delivered October 30, 1916.

MARRIED WOMAN—DEBT OF HUSBAND—LIABILITY.—Under Act 159, p. 684, Acts of 1915, a wife may bind herself by a joint promise with her husband, to a third person in the same manner as if she was a *femme sole.*

Appeal from Lonoke Circuit Court; *Thomas C. Trimble,* Judge; affirmed.

*Trimble & Williams,* for appellant.

The Act (159, Acts 1915) is not susceptible to the construction that a married woman's estate can be subjected to the debts of her husband, because such a construction would be directly in conflict with section 7, Art. 9, of the State Constitution.

*Grover C. Morris,* for appellee.

Appellee relies upon Act 159, Acts 1915. Appellant's contention that the act has reference only to the statute of limitations, administrations, etc., is contrary to this court's interpretation of the statute in *Fitzpatrick* v. *Owens,* 124 Ark. 167. There is nothing in section 7, Art. 9, of the State Constitution indicating an intention to prohibit married women from contracting, neither is there anything in the Act

159 to indicate that the Legislature intended that a married woman's estate should be subject to the debts of her husband.

The Act is not in violation of the Constitution. 86 Ark. 486-89; 102 Ark. 326-40; 43 Ark. 163; 107 Ark. 462-6; 58 Ark. 484.

HART, J. John B. Bond, Jr., sued Mrs. Willie B. Holland on certain promissory notes and an open account. The consideration of the notes and of the open account was a debt of the husband to the plaintiff and not money expended on the separate property of the wife. The notes were executed on July 24, 1915, by Mrs. Willie B. Holland, and M. Holland, her husband. After that time she gave a written order to the plaintiff for the goods furnished her husband on the account. The court gave judgment for the plaintiff and defendant has appealed.

The correctness of the judgment depends upon the construction of the "Act to Remove the Disabilities of Married Women in the State of Arkansas," passed by the Legislature of 1915. Section 1 of the Act reads as follows:

"Section 1. That from and after the passage of this act, every married woman and every woman who may in the future become married, shall have all the rights to contract and be contracted with, to sue and be sued, and in law and in equity shall enjoy all rights and be subjected to all the laws of this State, as though she were a *femme sole.*" Acts of 1915, p. 684.

Prior to the passage of this act a married woman would not be liable as surety on a promissory note for her husband because contracts could only be made by a married woman in reference to her separate property or business. *McCarthy* v. *Peoples Savings Bank*, 108 Ark. 151; *Culberhouse* v. *Hawthorne*, 107 Ark. 462. But the act of 1915 just referred to, has removed that restriction and in the broadest terms enables a married woman to sue and be sued, to contract and be contracted with and in law and equity to enjoy all rights

and be subjected to all the laws of this State as though she were a *femme sole.*   *Major* v. *Holmes,* 124 Mass. 108. This construction also results from the reasoning of the court in *Fitzpatrick* v. *Owens,* 124 Ark. 167, 186 S. W. 832, where we held that the statute meant to give the wife the right to maintain an action against her husband either upon contract or for tort.

Again it is insisted that the act contravenes Art. 9, Sec. 7, of the Constitution of 1874, providing in effect, that the property of a married woman shall not be subject to the debts of her husband.   This provision in the constitution and the subsequent legislation on the subject were designed to secure to married women the separate use and disposition of their property. *Walker* v. *Jessup,* 43 Ark. 163.   Under this clause of the constitution (and before the act now under consideration was passed), the court has frequently held that a married woman may convey by mortgage her property in order to secure the debts of her husband. *Goodrum* v. *Merchants & Planters Bank,* 102 Ark. 326, and cases cited.   The clause of the constitution in question did not prevent a married woman from pledging or conveying her property to secure the debts of her husband but only meant that her property should not be subject to the debts of her husband without some affirmative act on her part to make her liable. Under the act in question the wife may bind herself by a joint promise with her husband to a third person in the same manner as if she was a *femme sole.*

It follows that the judgment must be affirmed.