# CASES

## ARGUED AND DETERMINED

IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE DISTRICT COURTS

---

### WALKER v. ARKANSAS NAT. BANK OF HOT SPRINGS.

(Circuit Court of Appeals, Eighth Circuit. February 18, 1919.)

#### No. 5178.

1. HUSBAND AND WIFE ⬅⟹56—NOTE BY WIFE—WHAT LAW GOVERNS.

In an action on a married woman's note executed and payable in the state of Arkansas, the laws of that state control.

2. HUSBAND AND WIFE ⬅⟹87(3)—SURETY ON NOTE FOR HUSBAND.

Prior to Act Ark. March 19, 1915 (Acts 1915, p. 684), a married woman would not be liable as a surety on a note for her husband, but since its passage all restrictions have been removed, and a married woman may sue and be sued, contract and be contracted with, as though she were a feme sole.

3. HUSBAND AND WIFE ⬅⟹171(1)—MORTGAGES—SURETY FOR HUSBAND.

It is the settled law of Arkansas that a married woman may mortgage her separate estate as surety for her husband without any consideration passing to her, the consideration to her husband supporting the mortgage.

4. HUSBAND AND WIFE ⬅⟹85(6)—NOTE FOR HUSBAND'S DEBT—VALIDITY—RENEWAL NOTES.

As prior to Act Ark. March 19, 1915 (Acts 1915, p. 684), a note executed by a married woman as surety for her husband was merely voidable, a renewal note given after the passage of such act, which allowed a married woman to become surety for her husband, is not void under the rule that a contract absolutely void for illegality will not be validated by a renewal note.

5. HUSBAND AND WIFE ⬅⟹85(6)—SURETY FOR HUSBAND.

Prior to Act Ark. March 19, 1915 (Acts 1915, p. 684), a note executed by a married woman as surety for her husband was not wholly void, but merely voidable; there being no statute prohibiting a married woman from becoming a surety.

6. HUSBAND AND WIFE ⬅⟹85(6)—SURETY FOR HUSBAND—RENEWAL NOTES.

Where a married woman who had before Act Ark. March 19, 1915 (Acts 1915, p. 684), signed a note as surety for her husband, and after the passage of such act, with knowledge that part of the consideration was the note so signed, executed a renewal note, *held*, that she is estopped from setting up the failure of consideration in an action on the renewal note.

---

⬅⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

256 F.—1

7. INFANTS ⬤⇒57(1)—NEW CONTRACT AFTER MATURITY.
  While infants . are not liable on contracts not for necessaries, yet if, after coming of age, they execute new contracts in writing, they are liable thereon.

8. INFANTS ⬤⇒57(1)—CONTRACTS—ACQUIESCENCE.
  An infant may be estopped by acquiescence after he comes of age to disclaim liability under a contract executed during infancy not for necessaries.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge. ·

Action by the Arkansas National Bank of Hot Springs against Margaret F. Walker. Judgment for plaintiff, and defendant brings error. Affirmed.

This is an action on a promissory note for $3,800, executed by the defendant at Hot Springs, Ark., on January 8, 1916, which sum she promised to pay 60 days after date, at the Arkansas National Bank, in Hot Springs, Ark. The note was indorsed by F. P. Walker. Having failed to pay the note, this action was instituted.

The answer of the defendant pleaded: That, at the time she executed the note sued on, and for several years before that time, she was a resident of the state of Arkansas, and a married woman, the wife of Frank P. Walker. That, long prior to the execution of the note, her said husband was indebted to the plaintiff bank in the sum of $2,500, which indebtedness was originally incurred by him prior to the year 1915, and that, prior to that year, her husband and the plaintiff prevailed upon her to sign her husband's promissory note for the sum, as surety. That this practice of her signing as surety continued prior to and through the year 1915. · That on or about November, 1915, she again signed a promissory note for $3,800, which included the sum of $2,500, and the sum of $1,300, borrowed on her own note, which last note was to fall due January 8, 1916; she being herself ignorant at all times of business affairs. That of the $3,800, included in the note which she signed, she had borrowed, prior to the year 1915, from the plaintiff, the sum of $1,300, which she had offered to pay, although not legally bound to do so. That the note sued on is, as to her, wholly without consideration, except possibly as to the said sum of $1,300. That, so far as the $2,500 is concerned, she only signed as surety for her husband—all of which was well known to the plaintiff. That prior to the 19th day of March, 1915, she being a married woman, she was not liable under the laws of the state of Arkansas for any debts not made for the benefit of her own separate estate and her sole and separate use and benefit, and no contract or promise of a married woman could bind her, except such as she made in and about her sole and separate estate. That no part of the $2,500 was for the benefit of her separate estate, and that she received no benefit whatever from it. That the $1,300, which she did receive was not for her personal estate, but for personal expenses, which should have been provided for by her husband, and that under the laws of the state of Arkansas, in force at that time, she was not liable for that sum. She therefore prays judgment to go hence without day. ·

The plaintiff filed a motion for judgment on the pleadings, which was by the court sustained and judgment entered against the defendant for the face of the note, and interest. ·

To reverse this judgment this writ of error is prosecuted.

Cyrus Crane, of Kansas City, Mo. (Lathrop, Morrow, Fox & Moore, of Kansas City, Mo., on the brief), for plaintiff in error.

Hale H. Cook, of Kansas City, Mo. (Roy K. Dietrich and Ellis, Cook & Dietrich, all of Kansas City, Mo., on the brief), for defendant in error.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before SANBORN and STONE, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge (after stating the facts as above). [1, 2] As the cause of action is based on a promissory note, executed and payable in the state of Arkansas, the laws of that state control. What the law of that state was prior to the enactment of Act of March 19, 1915 (Acts 1915, p. 684), and what it is since the enactment of that act, is stated in the late decision of the Supreme Court of that state in Holland v. Bond, 125 Ark. 526, 189 S. W. 165, as follows:

"Prior to the passage of this act a married woman would not be liable as surety on a promissory note for her husband because contracts could only be made by a married woman in reference to her separate property or business. [Citing authorities.] But the act of 1915, just referred to, has removed that restriction, and in the broadest terms enables a married woman to sue and be sued, to contract and be contracted with, and in law and equity to enjoy all rights and be subjected to all the laws of this state as though she were a feme sole. * * * This construction also results from the reasoning of the court in Fitzpatrick v. Owens, 124 Ark. 167, 186 S. W. 832 [187 S. W. 460, L. R. A. 1917B, 774, Ann. Cas. 1918C, 772], where we held that the statute meant to give the wife the right to maintain an action against her husband either upon contract or for tort."

Applying this rule to the instant case, the note sued on having been executed by the defendant after the act of 1915 had gone into effect, she is prima facie liable.

[3-5] But it is urged that, as this note is but a renewal of former notes, executed while, under the laws of the state of Arkansas, a married woman could not be held liable on a contract of suretyship on a promissory note, she is not liable on a renewal note executed after her disabilities had been removed, as the validity of the note must be determined by the law in force at the time the original contract was made.

An examination of the authorities relied on on behalf of the plaintiff in error fails to sustain this contention. What they hold is the well-established rule that, a contract absolutely void for illegality, either prohibited by statute, or malum in se, or being against public policy, will not be validated by a renewal note. But there never was a statute of the state prohibiting a married woman to become a surety, nor is such an act malum in se or against public policy, and therefore her contract is not absolutely void, but merely voidable, although courts frequently use the word "void" in speaking of such a contract when meaning "voidable." Ramsey v. Crevlin, 254 Fed. 813, —— C. C. A. ——, decided by this court December 4, 1918, and authorities there cited.

It is the settled law of Arkansas that a married woman may mortgage her separate estate, as surety for her husband, without any consideration passing to her. The consideration to her husband will support her mortgage. Collins v. Wassell, 34 Ark. 17; Scott v. Ward, 35 Ark. 480; Petty v. Grisard, 45 Ark. 117; Goldsmith v. Lewine, 70 Ark. 516, 69 S. W. 308; Johnson v. Graham Bros., 98 Ark. 274, 135 S. W. 853; Harper v. McGoogan, 107 Ark. 10, 154 S. W. 187.

In Vance v. Wells, 8 Ala. 399, it was held that—

"A note executed by a married woman as surety for her husband creates a moral obligation, which will support an action at law on her promise to pay after discoverture."

To the same effect are Spitz v. Fourth National Bank, 8 Lea. (Tenn.) 641; Bank of Hanover v. Bridges, 98·N. C. 67, 3 S. E. 826, 2 Am. St. Rep. 317.

In Viser v. Bertrand, 14 Ark. 267, 273, Chief Justice Watkins speaking for the court said:

"I am clearly of opinion that, if the jury believed the facts which I suppose the evidence conduced to prove, * * * the plaintiff below was entitled to recover upon the express promise of the defendant after she became discovert, without any new or further consideration for the promise being made to appear."

Mr. Justice Walker in a concurring opinion said (page 280):

"In the case now under consideration, although no legal obligation existed under which the defendant could have been compelled to pay for the professional services, still such services were a legal consideration which, but for the rule of law that makes void the contract of a feme covert, a recovery might have been had upon an implied assumpsit, and consequently furnished a sufficient consideration to uphold an express promise made after the divorce to pay for them."

In Woodruff v. Scruggs, 27 Ark. 26, 11 Am. Rep. 777, the question before the court was whether a note which under the statutes, in force at the time of its execution, was void for usury, was enforceable after the repeal of that statute, and it was held that it was. This was reaffirmed in Birnie v. Main, 29 Ark. 591, 596; Nicholls v. Gee, 30 Ark. 135, 141. To the same effect is Ewell v. Daggs, 108 U. S. 143. 150, 2 Sup. Ct. 408, 27 L. Ed. 682.

In Chollar v. Temple, 39 Ark. 238, 243, it was held that although no judgment could be rendered against a married woman, if she had appeared and set up her coverture, a judgment by default against her, although erroneous, is neither void nor erroneous, but may be enforced against her separate estate by execution, as if she were a feme sole.

[6] The next contention is that the renewal of the former notes and consequent extension of time is not a sufficient consideration for the execution of the note sued on, and as she was not liable, by reason of her coverture, on the notes executed prior to 1915, this note is without consideration. But the law of the state, as settled by the decisions of its highest court, is that—

"One who gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration for the original note, is estopped from setting up the defense of failure of consideration, in an action on the renewal note." Stewart v. Simon, 111 Ark. 358, 163 S. W. 1135, Ann. Cas. 1916A, 825, where the authorities are fully considered.

This case has been reaffirmed in Haglin v. Friedman, 118 Ark. 465, 177 S. W. 429. Other cases decided by the Supreme Court of that state, to the same effect, are Tabor v. Merchants' National Bank, 48 Ark. 454, 3 S. W. 805, 3 Am. St. Rep. 241; Hamiter v. Brown, 88

Ark. 97, 113 S. W. 1014; White-Wilson-Drew Co. v. Egelhoff, 96 Ark. 105, 131 S. W. 208.

[7, 8] Infants are not liable on contracts not for necessaries, but it has been uniformly held that, if, after becoming of age, they execute a new contract in writing, they will be liable on it. Watkins v. Wassell, 15 Ark. 73; Barnaby v. Barnaby, 1 Pick (Mass.) 221; American Mortgage Co. v. Wright, 101 Ala. 658, 14 South. 399; Ward v. Anderson, 111 N. C. 115, 15 S. E. 933; Houlton v. Manteuffel, 51 Minn. 185, 53 N. W. 541. An infant may be estopped by acquiescence after he becomes of age. Brazee v. Schofield, 124 U. S. 495, 504, 8 Sup. Ct. 604, 31 L. Ed. 484.

The judgment is right, and is affirmed.