LLOYD WRIGHT AND CORINNA WRIGHT v. C. L. HEPLER, ADMINIS-
TRATOR OF JAMES HUGHES ET AL.

(Filed 16 November, 1927.)

**Infants—Contracts—Deeds and Conveyances—Disabilities—Disaffirmance
of Contracts—Benefits Retained.**

> After becoming of age, one will not be permitted to repudiate his contract made when a minor and retain its benefits, and when he has acquired title to lands under a deed and reconveys the lands to the seller by mortgage to secure the balance of the purchase price, both of which conveyances are duly registered, and thereafter places another mortgage thereon which is still outstanding, he is not in position to reconvey the land which he still holds to his purchaser or his heirs at law and disaffirm his deed made when a minor, and demand the repayment of that part of the purchase money he then had theretofore paid.

APPEAL by defendants from *Sink, Special Judge,* at May Term, 1927, of DAVIDSON. Error.

*Spruill & Olive for plaintiffs.*
*P. V. Critcher, Phillips & Bower and Walser & Walser for defendants.*

ADAMS, J. On 1 October, 1924, James Hughes and his wife executed and delivered to the plaintiff, Lloyd Wright, a deed in fee simple for a

tract of land in Emmons Township, Davidson County, containing about forty-seven acres. At the same time Lloyd Wright and his wife executed a mortgage to James Hughes to secure a part of the purchase price. The deed and mortgage were duly recorded. When these instruments were executed Lloyd Wright and his wife were minors. He became twenty-one on 12 March, 1925, she on 27 February, 1925; and on 3 July, 1925, they executed a mortgage on the land in question to A. F. Wright and J. D. Wright, respectively, the father and the uncle of the purchaser, to secure the sum of five hundred dollars. Thereafter on 12 February, 1926, Lloyd Wright and his wife signed a deed in fee purporting to convey to the heirs at law of James Hughes the land purchased from him and delivered it to the clerk of the Superior Court, instructing him to turn it over to the grantees upon repayment by them of $435, which had been paid as a part of the purchase price. The plaintiffs brought suit to annul the contract between James Hughes and themselves on the ground that by executing a mortgage to A. F. Wright and J. D. Wright they disaffirmed the deed the male plaintiff had received from his grantor and the mortgage they had executed to him. Analyzed, their contention amounts to this: Lloyd Wright is entitled to recover the purchase money he has paid upon reconveying the title, but the reconveyed title may be defeated by a sale under the mortgage to A. F. Wright and J. D. Wright. The result would be that the heirs of James Hughes would be deprived both of the purchase money and of the land itself. This the law will not permit. In *Millsaps v. Estes*, 137 N. C., 536, 546, it is said: "Neither an infant nor a married woman will be permitted to repudiate a transaction upon the ground of a want of capacity, or for other sufficient cause, and at the same time retain and enjoy any benefit derived from it." The principle supported by an array of authorities is thus stated in 31 C. J., 1021, sec. 71(4): "If an infant, upon his arrival at majority, still has the property or consideration received by him, or any part thereof, he must, upon the avoidance of his act, restore such property or consideration."

The mortgage to A. F. Wright and J. D. Wright was executed on 3 July, 1925, after each of the plaintiffs had arrived at the age of twenty-one years, and the deed purporting to reconvey the land to the heirs of James Hughes was executed 12 February, 1926. The plaintiffs therefore are not in a position to restore the unencumbered legal title. The mortgagees have not consented and are not parties to the action. Moreover, the execution of the mortgage by the male plaintiff to his father and his uncle was an express declaration that he claimed and asserted title to the land. Indeed, he covenanted that he was the owner of the land and had the right to convey the title by mortgage. This

mortgage, instead of being in disaffirmance of the contract, was an act of ratification. True, the second conveyance of land by a person who has attained his majority may operate as an avoidance of a former conveyance made by the grantor when under age, as pointed out in *Ward v. Anderson*, 111 N. C., 115, and *Gaskins v. Allen*, 137 N. C., 426. But this principle for the reasons already given, is not applicable to the case before us.

The motion for nonsuit should have been granted.