Richard G. LEWIS and Frances E. Lewis, Appellants,

v.

Rolla STEPHENS, Norman Petersen, Floyd Scott, C. T. Kelly and Southwest Investment Company, a corporation, Respondents.

No. 49270.

Supreme Court of Missouri,

Division No. 2.

Dec. 11, 1962.

Charles D. Tudor, Joplin, for appellants.

Stanley P. Clay, Joplin, for respondents.

STOCKARD, Commissioner.

Plaintiffs have appealed from an adverse judgment in their suit to quiet title in them to certain real estate in Jasper County, Missouri. A statement of the background of this litigation is necessary to an understanding of the issues.

In December 1952 Joe D. Merrick, then a minor, purchased the property in question, which was a house and lot, from Billie J. Swiney and Ruby Irene Swiney for $4,500. Merrick made a down payment of $1,100 and paid certain expenses of the transaction. He paid the balance of the purchase price by executing a note in the amount of $3,400, secured by a deed of trust on the property, payable to C. T. Kelly, which by subsequent endorsements became the property of Rolla E. Stephens. Merrick was married in February 1953 and he and his wife moved into the house. He was separated from his wife four months later and she obtained a divorce in January 1954. Merrick reached his majority on March 1, 1954, and on March 23 he filed suit in two counts against the Swineys, Rolla E. Stephens, and certain others who are nominal parties. In Count I he alleged that he "does now repudiate any and all contracts and agreements entered into by him in connection with the foregoing transaction while he was a minor," and he sought to recover from the Swineys and Rolla E. Stephens the sum of $1,262.96 which was the amount of the down payment and expenses paid by him. In Count II he alleged that "he does now repudiate said note and deed of trust," and he sought a judgment against Rolla E. Stephens in the amount of $225, the amount he had paid on the note.

The Swineys were in California, and on the theory that his disaffirmance of the purchase of the property had reinvested them with title thereto, Merrick obtained service by attachment against the property. On June 17, 1954 the trial court made the following minute entry: "Jury waived. Trial by Court. Judgment by default for plaintiff against defendants Billie J. Swiney and Ruby Irene Swiney in the sum of $1,100.00 and costs. Attachment sustained. Special fieri facias ordered and property ordered sold." There is no copy of this judgment in the transcript, which apparently was interlocutory because Stephens was also a defendant. See Sections 511.110 and 511.130 RSMo 1949, V.A.M.S., then applicable, and Civil Rules 74.045 and 74.08, effective April 1, 1960. On July 8, 1954, according to a minute entry, Merrick dismissed Count I as to Rolla E. Stephens, but there was no order that there should be a trial of Count I separate from Count II, and no final judgment was entered as to Count I, or at least there is none shown in the record before us. In any event, on July 9 special execution was issued by the clerk, and the property was levied upon and sold by the sheriff on September 9, 1954 to Richard G. Lewis and Frances E. Lewis, the plaintiffs-appellants in the pending action.

As to Count II, after the disposition of several motions, Rolla E. Stephens and the nominal defendants filed an answer on June 21, 1956 in which they asserted that even though he was a minor, Merrick was not entitled to disaffirm the note or the deed of trust. By way of counterclaim Stephens also asserted that Merrick had defaulted in his payments on the note and according to its terms the unpaid balance of the principal was due. It was then alleged that "defendants, Richard G. Lewis and Frances E. Lewis, husband and wife, have or claim some interest in or lien upon the premises described in said deed of trust which defendant, Rolla Stephens, asserts is junior and subject to his mortgage lien herein asserted." How and in what manner they became "defendants" in the suit, if they did, is not revealed by the transcript. Minute entries show that they were made "3rd party defts," that a motion to quash the service on them was sustained, and that then a motion "to add 3rd party defts [was] overruled." The judgment of the trial court, entered on September 16, 1959, "in reference to Count II" was that "plaintiff take nothing by his writ," and that "in reference to defendant's counterclaim * * * the plaintiff, Joe D. Merrick, is indebted to the defendant, Rolla Stephens, on account of the debt in said deed of trust on the property * * * in the sum of * * * $3,175.00 along with interest * * * [in] a total sum of * * * $4,239.63, the debt aforesaid found to be due, together with costs herein, to be levied on the real estate in the said deed of trust described, and the said real estate to be sold by the sheriff under special execution, * * *." On appeal by Merrick from the above judgment the Springfield Court of Appeals ruled on July 30, 1960 that he "should be held to his contract and the judgment should be affirmed." Merrick v. Stephens, Mo.App., 337 S.W.2d 713. In the meantime, on May 23, 1960, pursuant to a special execution based on the judgment entered September 16, 1959, and from which the appeal was then pending

in the Springfield Court of Appeals, the sheriff levied on the property and sold it for $600 to Southwest Investment Company.

With this background, we turn now to the suit resulting in this appeal. Richard G. Lewis and Frances E. Lewis, the purchasers at the sheriff's sale on September 9, 1954, filed suit against Stephens, and others, and in which Southwest Investment Company has by agreement been added as defendant, in which they allege that by reason of the sale to them they are "the owners in fee simple absolute" of the property in question, but that the defendants claim an interest therein. They then allege that when Merrick purchased the property and signed the note and deed of trust he was a minor; that he repudiated the purchase and his obligations under the note and deed of trust; that he obtained a judgment against the Swineys and the property was sold to them under special execution; and that the court should quiet title to the property in them. The answer of Southwest Investment Company was in effect a denial of plaintiffs' claim and an assertion that it is the owner of the property by reason of the sale to it on September 16, 1960. It also sought by counterclaim to recover $500 damages for the wrongful withholding of the property. The trial court found "the issues for defendants * * * and against plaintiffs on plaintiff's petition" and it disallowed the counterclaim. It also decreed that fee simple title to the property was in Southwest Investment Company. The Lewises have appealed.

The contention of the appellants on this appeal is premised on the proposition that when Merrick disaffirmed the purchase of the property, "the conveyance to him by Swineys was void ab initio so that as far as the title to the real estate was concerned Joe D. Merrick at no time was ever possessed with any rights of ownership in said real estate * * * [and] could not execute a deed of trust which would encumber the real estate." They argue that the rul-

ing of the Springfield Court of Appeals that Merrick should be held to his contract on the note and deed of trust "in no way affected or attempted to affect the title to the real estate" because, as we understand their argument, title was reinvested in the Swineys by the disaffirmance, and that while the note has been held to be a valid contract it purports to be secured by a deed of trust on property in which the maker had no title, and the sale to Southwest Investment Company passed only such title that Merrick had in the property and he had none.

It is apparent that the factual situation was such that in the suit by Merrick against the Swineys, Stephens and others, the trial court should have exercised its discretion and not permitted separate trials of Count I and Count II. See section 510.180 RSMo 1949, V.A.M.S., then applicable, and Civil Rule 66.02, now effective. As a result of permitting separate trials, with or without an order to that effect, we have what purports to be a final judgment by default that Merrick disaffirmed the purchase of the property, at least as to the Swineys, and what purports to be a final judgment that he was not entitled to disaffirm the note and deed of trust which were executed as a part of the purchase transaction.

■■ We shall assume that as between Merrick and the Swineys there was a valid disaffirmance by Merrick of the purchase of the property, that a valid attachment was obtained by Merrick against the Swineys, and that there was a valid levy and sale to appellants of the interest in the property of the Swineys. Even so, we must agree with the Springfield Court of Appeals that the result of the disaffirmance by Merrick of the purchase, as between himself and the Swineys, did not destroy the validity of the deed of trust or its application to the property. The reasoning by which that court reached this conclusion, as set out in Merrick v. Stephens, supra, 337 S.W.2d at p. 718, is as follows: "The mortgage given by [Merrick] * * * was part of 'one complete transaction' which involved the transfer of title to [Merrick]. [He] could not get title until he gave the mortgage. In practical effect [Merrick] took the title subject to the lien. * * * The purchasers [appellants in this case] at the special execution sale [of September 9, 1954] did not acquire any equities of the infant [Merrick]. They took the title subject to the state of the record which showed this mortgage. They bought under the rule of *caveat emptor*." Whether we follow the above reasoning of the Springfield Court of Appeals or whether we consider that Merrick acquired title to the property and then executed the note secured by the deed of trust on the property, the result is the same. Deeds and other instruments affecting title to real estate executed by a minor are not void but are voidable only. Merrick v. Stephens, supra, 337 S.W.2d at p. 717; Windisch v. Farrow, Mo.App., 159 S.W.2d 392; Mutual Bank & Trust Co. v. Stout, Mo.App., 231 S.W.2d 274; 43 C.J.S. Infants §§ 36 and 51. In view of the ruling by the Springfield Court of Appeals that Merrick was not entitled to disaffirm his note and deed of trust, each instrument has the same validity it would have had if executed by Merrick after he had reached majority. We consider the situation here to be the same as where a minor purchases real estate and then after reaching his majority executes a note secured by a deed of trust on the real estate. It is usually held that in such circumstances the former minor cannot thereafter disaffirm the sale. Wright v. Hepler, 194 N.C. 542, 140 S.E. 90. Where he purports to do so by obtaining a default judgment against the grantor, such disaffirmance would not, in our opinion, affect the validity of the deed of trust or remove its effect on the title to the real estate. In this case Merrick had the same legal capacity to execute a valid note and deed of trust that he would have had if he had reached his majority, and his subsequent disaffirmance did no more than reinvest title in the Swineys subject to the deed of trust. Therefore, when the property was sold on September 9, 1954 pursuant to

the special execution the purchasers acquired only the interest of the Swineys, which was subject to the deed of trust, 33 S.J.S. Executions § 287. The subsequent sale upon special execution to foreclose that deed of trust extinguished the interest which the Lewises had acquired subsequent to the deed of trust with at least constructive knowledge thereof. S. S. Kresge Co. v. Shankman, 240 Mo.App. 639, 212 S.W.2d 794.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.